PEOPLE *v.* LOWERIE.

1. CRIMINAL LAW—APPEAL AND ERROR—JURISDICTION — PLEA OF GUILTY.
    It is not a sufficient ground of objection to the jurisdiction of the court, that respondent was arrested for drunkenness on the street without a warrant, when he has submitted himself to the jurisdiction of the court by a plea of guilty.

2. SAME—DRUNKARDS—STATUTES.
    Evidence tending to show that respondent was intoxicated on the street of a village, that the sheriff followed and arrested him upon private property, warrants a conviction for drunkenness under 3 Comp. Laws, § 11736.

3. SAME—TRIAL—INSTRUCTIONS TO JURY.
    In the absence of a request for more ample instructions, the court's charge to the jury that the charge of being drunk signified such a condition as is induced from the excessive use of intoxicating liquors, and that the jury should determine the question from their common knowledge of its meaning, is sufficient.

Exceptions before sentence from Missaukee; Lamb, J. Submitted October 21, 1910. (Docket No. 147.) Decided December 7, 1910.

Abe Lowerie was convicted of being drunk upon a public street. Affirmed.

*Gaffney & Miltner*, for appellant.

*Norman W. Dunan*, Prosecuting Attorney, for the people.

MOORE, J. It is the claim of the people that in April, 1909, the sheriff of Missaukee county saw the respondent in a state of intoxication on the main street of the village of Lake City, and started toward him for the purpose of placing him under arrest; that before the arrest was made

the respondent had passed from the highway upon a lot owned by a private citizen.   The arrest was made without a warrant.   The respondent was put in the county jail. Upon the following morning the sheriff made and swore to a complaint in writing, charging that the respondent—

"Was then and there drunk upon the streets of the village of Lake City, in said township of Reeder and county of Missaukee, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the people of the State of Michigan; wherefore the said William H. Brown prays that the said Abe Lowerie may be apprehended and held to answer this complaint, and further dealt with in relation to the same as law and justice may require."

A warrant was issued and respondent was taken before the magistrate.   We now quote from the brief of counsel for respondent:

"To which complaint and warrant respondent pleaded guilty and thereafter appealed to the circuit court of said county.   There a trial was had before a jury.   After the conclusion of the people's case, the respondent moved the court to direct a verdict of not guilty and discharge respondent from custody for two reasons:

"*First.* Because it appears from the testimony of the people that no violation of any law of this State was shown at the time of the arrest.

"*Second.* Because it appears from the testimony of the people that the arrest was made for a misdemeanor without a warrant and not during the actual commission of any offense."

This motion was overruled.   No testimony was offered on the part of respondent and no requests to charge were made in his behalf.   The case was submitted to the jury who found a verdict of guilty.   The case is here upon exceptions before sentence.

We again quote from the brief:

"The respondent relies principally upon two assignments of error which will be discussed in the order beginning:

"*First.* The court erred in refusing to grant the mo-

tion of respondent to direct a verdict of not guilty and discharge him from custody because of the illegal arrest without a warrant, while the respondent was on private property.

" *Second.* Because the court erred in stating to the jury that if they believed the respondent was drunk on Main street when the sheriff first saw him, that that would be sufficient for them to convict. The mere fact that he afterwards went upon private property would not change his condition.

" *Third.* Because the court did not give a proper charge to the jury of what constituted the crime of drunkenness."

*First.* Much space is used in the briefs in arguing the question of when an arrest can be made without a warrant. We deem it unnecessary to follow this discussion for the reason that when the respondent was taken before the magistrate he pleaded guilty to the complaint as contained in the warrant, thereby submitting himself to the jurisdiction of the court.

*Second.* What we have already said disposes of part of this proposition. The statute applicable to this case reads in part as follows:

" That any person who shall be drunk or intoxicated * * * in any street, alley, lane, highway * * * or other public place * * * shall, on conviction thereof before any court of competent jurisdiction, be punished, * * *" etc. 3 Comp. Laws, § 11736.

There was an abundance of testimony to justify a conviction for a violation of this statute.

*Third.* The court charged the jury in part as follows:

" The sole question for you here is, whether on that day the respondent was drunk and if so whether he was on the public street in the village of Lake City while he was drunk. Now, it is almost a begging of the question to attempt to define what we mean by ' drunk.' I shall only charge you in that regard that a charge of drunk signifies such a condition of a person as is induced from the excessive use of intoxicating liquors, and you have simply to say from all the testimony in this case whether or not the respondent was drunk; that is a common expression and

everybody knows what condition a man is in, in order to be drunk, and you must determine that condition from the testimony so that the definition does not make it any plainer than the charge itself; however, it is for you to take into consideration all the facts and testimony and from that testimony determine, beyond a reasonable doubt, whether the respondent was on the 14th day April, last, drunk, and, if so, was he drunk on the public streets of Lake City."

In the absence of any request to amplify this charge, we think it sufficient.

The conviction is affirmed, and the case is remanded for further proceedings.

HOOKER, MCALVAY, BROOKE, and BLAIR, JJ., concurred.