PEOPLE v. GOLOGONOFF.

1. CRIMINAL LAW—ARREST—WAIVER OF ILLEGALITY.
    Defendant who pleaded not guilty to charge of crime cannot be heard to complain of illegality of his arrest after trial and conviction.

2. SAME—MURDER—DEGREE—INFORMATION.
    Information which charged that defendant "feloniously, wilfully and of his malice aforethought, did kill and murder" the named

<hr>

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Arrest § 117.
[2] 26 Am Jur, Homicide §§ 42, 262.
[3] 26 Am Jur, Homicide §§ 251, 252.
[4] 5 Am Jur 2d, Appeal and Error §§ 548, 963, 974.

victim lacked the element of premeditation, and therefore did not expressly and exclusively charge first-degree murder as defined by statute (CL 1948, § 750.316).

3. SAME—MURDER—DEGREE—VERDICTS.
   Jury verdict of "guilty as in the information charged" *held*, not to ascertain degree of murder as required by statute when information charged murder without specifying degree (CL 1948, § 750.318).

4. SAME—TRANSCRIPT—FAULTY VERDICT.
   Matter of unavailability of transcript is not discussed, where new trial is ordered for defendant because verdict failed to specify degree of murder committed.

Appeal from Genesee; Black (Edward D.) and Parker (Donn D.), JJ. Submitted Division 2 October 4, 1966, at Lansing. (Docket No. 1,341.) Decided March 28, 1967. Leave to appeal denied by Supreme Court October 12, 1967. See 379 Mich 783.

Pano Gologonoff was convicted of murder. Delayed motion for new trial denied. Defendant appeals. Reversed and remanded for new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Edward G. Henneke,* Assistant Prosecuting Attorney, for the people.

*Michael Mason,* for defendant.

QUINN, P. J. Defendant appeals from the trial court's denial of his motion for new trial. Defendant's jury trial for murder, at which he was represented by counsel, resulted in a verdict of guilty March 16, 1938. March 17, 1938, defendant was sentenced to life imprisonment. February 24, 1948, he filed motion for leave to file a delayed motion to vacate judgment and sentence which was granted, but his motion to vacate judgment and sentence and

to grant a new trial was denied May 3, 1948. Defendant's petition for free transcript of the trial was denied October 20, 1948. The court reporter for the trial died May 4, 1949, and his notes are unavailable due to loss or destruction. The trial judge died May 3, 1939. October 5, 1964, the motion here involved was filed in the trial court and it was denied January 4, 1965.

On appeal, defendant first asserts that the unavailability of the transcript is a basis for granting him a new trial, second that the verdict does not support a conviction of murder in the first degree, and finally that his arrest was illegal. We shall consider the issues in their inverse order.

With respect to defendant's claim that his arrest was illegal, he pleaded not guilty, stood trial, and was convicted by a jury. He cannot now be heard to complain of the alleged illegality of his arrest. *People* v. *Lowerie* (1910), 163 Mich 514.

With respect to his claim that the verdict does not support a conviction of murder in the first degree, the information charged defendant as follows:

"[Defendant] feloniously, wilfully and of his malice aforethought, did kill and murder one James Aleff."

The jury verdict was as follows:

"Guilty in manner and form as the people have in their information in this cause charged."

.PA 1931, No 328, § 316, in force at time of trial, defined first degree murder as,

"Any other kind of wilful, deliberate and premeditated killing."

Also in force at time of trial were PA 1931, No 328, § 317, which provided:

"All other kinds of murder shall be murder of the second degree."

and PA 1931, No 328, § 318, which provided:

"The jury  *  *  *  shall  *  *  *  ascertain in their verdict, whether it be murder of the first or second degree."

In *People* v. *Dupuis* (1963), 371 Mich 395, the Supreme Court discussed and applied the foregoing statutory provisions (presently CL 1948, §§ 750.316, 750.317, and 750.318 [Stat Ann 1954 Rev §§ 28.548, 28.549 and 28.550]) to a "guilty as charged" verdict. A unanimous court held that for such a verdict to sustain a conviction of first-degree murder, the charge had to be first-degree murder and nothing else.  Because the charge here involved lacks the element of premeditation, it does not charge first-degree murder as defined in section 316, *supra*.  The verdict does not support the conviction of first-degree murder.

Since the case must be reversed and remanded for new trial, it is unnecessary to resolve the question concerning the unavailability of the transcript.

Reversed and remanded for new trial.

McGREGOR and N. J. KAUFMAN, JJ., concurred.