## PEOPLE v. ALLEN.

1. CRIMINAL LAW—CONFESSION—VOLUNTARINESS OF STATEMENTS.

   Allegations of defendant, convicted of murder in the perpetration of arson, that he was held incommunicado for 3 days and 3 nights after his arrest, that the complaint and warrant issued only after he was detained incommunicado for 72 hours, during which time he made incriminating statements, that although police knew that a man had died as a result of fire which defendant was accused of setting, they did not inform him that he was accused of murder before he made the statements, that he was deprived of food and sleep, that he was in poor health, and that his bed consisted of a board without any covers *held*, to raise a serious question of the voluntariness of defendant's statements requiring a separate hearing out of the presence of a jury to determine whether statements were voluntary (Const 1908, art 2, § 19; CL 1948, § 750.316).

2. SAME—HEARING—DEFENDANT TAKING STAND.

   The defendant at a hearing to determine voluntariness of his confession may take the stand for the limited purpose of making a record of facts and circumstances surrounding the confession.

3. SAME—NO WAIVER OF RIGHT NOT TO TESTIFY.

   A defendant does not waive his right not to testify at the trial in chief by taking stand at hearing to determine voluntariness of confession.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence § 543 *et seq.*
[2, 3] 29 Am Jur 2d, Evidence § 585.
[4] 29 Am Jur 2d, Evidence § 588.
   Presumption and burden of proof as to voluntariness of non-judicial confession. 38 ALR 116, s. 102 ALR 641.

4. SAME—EVIDENCE OF CONFESSION—VOLUNTARINESS—BURDEN OF
    PROOF.

    Confession is never admissible unless shown to have been
    made voluntarily, and the burden is on the people to show that
    it was.

Appeal from Kent; Taylor (Thaddeus B.), J.
Submitted Division 3 April 4, 1967, at Grand Rapids.
(Docket No. 2,349.)   Decided November 28, 1967.
Application for leave to appeal filed in Supreme
Court December 18, 1967.

Richard Allen was convicted of murder committed
in the perpetration of arson.   Defendant appeals.
Remanded for determination on a separate record
whether confession was voluntary, with grant of new
trial or affirmance dependent thereon.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *James K. Miller,*
Prosecuting Attorney, for the people.

*Wheeler, Upham, Bryant & Uhl (George V.
Boucher,* of counsel), for defendant.

R. M. RYAN, J.   On November 3, 1957, a house
in Grand Rapids, Michigan, was partially burned.
The fire resulted in the death of Albert Mason who
was asleep in the house at the time of the fire.   De-
fendant was charged with having murdered Mason
in violation of CL 1948, § 750.316 (Stat Ann 1954
Rev § 28.548), and upon being convicted he was sen-
tenced to life imprisonment.   The sole basis for the
appeal in this matter is defendant's allegation that
certain statements made by him to the police should
have been excluded from the trial because they were
not made voluntarily.   In support of his position
defendant alleges that after his arrest he was held

incómmunicado for 3 days and 3 nights and that the complaint was filed, the warrant issued and arraignment held only after more than 72 hours of incommunicado detention, during which period he had made the statements which he claims were involuntary. He claims that although the police knew that a man had died as a result of the fire, they did not inform defendant that he was being charged with murder until after he had made his incriminating statements. There were further allegations that defendant was deprived of food and sleep, that he was in poor health, and that his bed consisted of a board without any covers. While the police did inform defendant sometime during the course of his detention that he did not have to make a statement and that any statements he made could be used against him, defendant claims that these warnings were not given promptly after his arrest and that consequently his rights were infringed.

These allegations raise a serious question concerning the voluntariness of defendant's statements. In *People* v. *Walker* (on rehearing, 1965), 374 Mich 331, the Supreme Court of this State clearly set forth the procedure to be followed in determining the voluntariness of confessions, and this procedure was expressly made retroactive. The trial judge must conduct a separate hearing out of the presence of the jury to determine the issue of voluntariness. At this hearing, the defendant may take the stand for the limited purpose of making a record of facts and circumstances surrounding the confession. By taking the stand for this limited purpose, the defendant does not waive his right not to testify at the trial in chief. Only after a full and adequate hearing and a finding by the trial judge that the statements were voluntary may such statements be admitted into evidence. Since the trial judge in the case at

bar failed to conduct an evidentiary hearing on the facts and circumstances alleged by defendant, this matter must be remanded with instructions to conduct such a hearing. It should be borne in mind that when the voluntariness of a statement is in issue, the burden of proof is upon the people to show voluntariness. *People* v. *Zeigler* (1960), 358 Mich 355.

Defendant alleges that the police failed to comply with the statutes requiring that the accused in a criminal prosecution be taken before a magistrate "without unnecessary delay" after his arrest (CL 1948, § 764.13 [Stat Ann 1954 Rev § 28.872][1] and CL 1948, § 764.26 [Stat Ann 1954 Rev § 28.885]), and he asserts that under the holding in *People* v. *Hamilton* (1960), 359 Mich 410, his statements are inadmissible. In *Hamilton, supra,* p 417, the Supreme Court held that failure to comply with either of the statutory provisions, *supra,* "renders involuntary and so inadmissible whatever confessional admissions the detained person may have made while so unlawfully detained." However, when the Court announced its decision in *Hamilton,* it provided for prospective operation only (see *People* v. *Besonen* [1966], 4 Mich App 131), and accordingly, *Hamilton* is not controlling in the case at bar because defendant was convicted in 1958. *Hamilton* being prospective in operation would apply to any new trial, but in the instant case the only ground for a new trial would be based on the possible finding by the trial court at the *Walker* hearing that the statements of the defendant were involuntary. If so, the statements would be inadmissible for that reason and there would be no need to consider the application of the rule in *Hamilton.*

---

[1] Repealed by PA 1961, No 44; see currently, CLS 1961, § 780.581 (Stat Ann 1965 Cum Supp § 28.872[1]).

This is not to say, however, that defendant's incommunicado detention is not a factor to be considered in determining the voluntariness of his statements. At the evidentiary hearing the judge must scrutinize all of the circumstances surrounding defendant's statements. In *Culombe* v. *Connecticut* (1961), 367 US 568 (81 S Ct 1860, 6 L ed 2d 1037) the United States Supreme Court held that a confession of murder was involuntary and that therefore its admission into evidence was a denial of due process under the 14th amendment. The Court suggested some relevant factors in determining the issue of voluntariness:

(a) the duration and conditions of detention;

(b) the manifest attitude of the police toward the accused;

(c) the physical and mental state of the accused, and

(d) diverse pressures which sap or sustain the accused's powers of resistance or self-control.

The ultimate test, said the Court at page 602, is: "Is the confession the product of an essentially free and unconstrained choice by its maker?"

Defendant claims that he was denied his right to counsel after the police investigation had focused upon him as a suspect, which right was secured by *Escobedo* v. *Illinois* (1964), 378 US 478 (84 S Ct 1758, 12 L ed 2d 977). However, defendant does not allege that he requested counsel and the *Escobedo* rule does not apply unless a *request* and *denial* is shown. See *People* v. *Hoffman* (1965), 1 Mich App 557. Nevertheless, even though the situation now before us does not come within the terms of *Escobedo,* the absence of counsel during defendant's detention is one of the factors to be considered in determining the issue of voluntariness. See *Davis* v. *North Carolina* (1966) 384 US 737 (86 S Ct 1761,

16 L ed 2d 895); *Haynes* v. *Washington* (1963), 373 US 503 (83 S Ct 1336, 10 L ed 2d 513).

One other allegation of defendant merits discussion. Although the police knew the day after his arrest that a man had died as a result of the fire, they withheld this information from defendant until he had made his incriminating statements. Const 1908, art 2, § 19,[2] in effect at the time of defendant's arrest, provided that the accused in a criminal prosecution shall be informed of the nature of the accusation against him. We need not comment on this argument, except to say that any withholding from defendant of information that he was facing a murder charge prior to obtaining incriminating statements from him is another factor for the trial judge to consider in conducting a *Walker*-type hearing for the purpose of determining whether such statements can be said to be voluntary.

Should the trial judge find, in the case at bar, that defendant's statements were made voluntarily, there will be no reason to conduct a new trial since no other citations of error are made by defendant. However, if the evidentiary hearing discloses that the statements were involuntary, then the trial court is instructed to vacate the conviction and the sentence, and to proceed with a new trial.

Burns, P. J., and Holbrook, J., concurred.

---

[2] See, currently, Const 1963, art 1, § 20.