**STATE of Iowa, Appellee,**

**v.**

**Paul Joseph HOUSTON, Appellant.**

**No. 52656.**

Supreme Court of Iowa.

April 9, 1968.

Paul Joseph Houston pro se.

Richard C. Turner, Atty. Gen., James C. Sell, Asst. Atty. Gen., and Edward N. Wehr, Scott County Atty., for appellee.

STUART, Justice.

Defendant was convicted of receiving and concealing stolen property, Iowa Code, section 712.1, in Scott County District Court on March 8, 1967. In a separate hearing on March 20, 1967 the jury found defendant was a habitual criminal. He has appealed pro se.

■ I. Defendant claims the trial court erred in failing to sustain his motion for directed verdict. "In considering a motion for a directed verdict the evidence, of course, is to be viewed in the light most favorable to the party against whom the motion is directed." State v. Estrella, 257 Iowa 462, 465, 133 N.W.2d 97, 99; State v. Frink, 255 Iowa 59, 64, 120 N.W.2d 432, 435.

Gordon Martz noticed six cattle were missing from his south farm in Scott County on the morning of January 7, 1966. Four of the missing cattle were black and black white-faced steers and the other two were Herefords. One of the missing black white-faced steers was a pet. Mr. Martz called the sheriff. That afternoon, Martz, while looking through the back pens at the New Liberty Sale Barn found four of his six missing cattle in one pen including his pet steer and again notified the sheriff.

Two men from the Scott County sheriff's office went to the sale barn. It was determined from the records there that Jon Kennedy, Route 2, Davenport (Ricker Hill) had consigned the four cattle identified by Mr. Martz. They proceeded to the Ricker Hill farm and found the two missing Herefords in a small enclosure rented by defendant. They were identified by Martz by his brand. About 5:30 p. m. the officers arrested defendant at his residence, advised him of his constitutional rights and took him to the Scott County jail.

■ Clara Karns, owner of the Ricker Hill farm, testified she rented defendant the two acres on which the two Herefords were found. Jon Kennedy was often seen on the land rented to defendant. Defendant testified he knew nothing of Kennedy's business and had let Kennedy use the property for $6.00 per month. Mr. Crees, a hog buyer for Oscar Mayer in Davenport, testified Kennedy and defendant delivered 31 hogs to Oscar Mayer on December 7, 1965. Those hogs were 31 of 34 which had been stolen from a Scott County farmer December 3, 1965. The three remaining hogs were found on the same Ricker Hill acreage rented to defendant. At the time of trial, the Scott County sheriff's office was still looking for Jon Kennedy concerning larceny of domestic animals. Viewing the evidence in the light most favorable to the state it appears to be sufficient. The trial court correctly submitted the case to the jury.

II. Defendant contends error and prejudice in that the defendant was questioned by State's attorney in the presence of the jury with regard to the type and number of prior felony convictions after defense attorney during his direct examination stated: "For the purposes of the record, the defense will stipulate that if Mr. Houston were asked the question by the county attorney if he'd ever committed a felony, his answer would be yes."

Immediately thereafter on cross-examination, the following took place: "Q. More than one? Mr. McGrath: I'll object to that as beyond the scope of cross-examination. The court: Sustained.

"Q. (By Mr. Berger)—Have you ever been convicted of the crime of larceny? Mr. McGrath: I'm going to object to that, and the county attorney knows * * * The Court: Sustained. Mr. McGrath: * * * that he's doing this only to prejudice the jury. The Court: I might have to call a mistrial if you persist in that. Let's not go into that. Go ahead and cross-examine. Mr. Berger: All right."

The trial court did not permit cross-examination of defendant on prior convictions of felonies as shown in the portion of the transcript set forth above. Defense counsel did not request a mistrial or the admonishment of the jury. Neither defendant nor trial court perceived material prejudice. We find no abuse of discretion by the trial court, or such misconduct on the part of the county attorney to deprive defendant of a fair trial.

We might observe the question "More than one?" was entirely proper and it was error to sustain the objection. State v. Williams, 197 Iowa 813, 819, 197 N.W. 991, 994; State v. Jensen, 245 Iowa 1363, 1367, 66 N.W.2d 480, 482.

III. The state did not call Richard Lee Paulsen, a witness listed in the information. Defendant claims this to be reversible error. We do not agree. The law does not require the State of Iowa to call every witness listed in the minutes of testimony which is part of the county attorney's true information. We need not determine whether defendant would, under this record, have been entitled to an instruction on the inference to be drawn from such failure, see State v. Parker, Iowa, 151 N.W. 2d 505, 512, as no such instruction was requested. State v. Jensen, 245 Iowa 1363, 66 N.W.2d 480, 484, and citations.

IV. Appellant claims he was entitled to dismissal of his case under Iowa Code, sections 795.2 and 795.3 because three terms of the Scott County District Court expired before he was brought to trial, without a showing of good cause for continuance by the state.

There is no merit in this contention. Defendant was represented by counsel of his own choosing at all times. No demand for speedy trial was made. We have consistently held defendant shall be deemed to have waived this right if a speedy trial is not demanded when counsel has been employed. State v. Gebhart, 257 Iowa 843, 847, 134 N.W.2d 906, 908; State v. Long,

256 Iowa 1304, 1308, 130 N.W.2d 663, 665; State v. Jackson, 252 Iowa 671, 674, 108 N. W.2d 62, 64; McCandless v. District Court, 245 Iowa 599, 604–605, 61 N.W.2d 674, 677; Pines v. District Court, 233 Iowa 1284, 1293, 10 N.W.2d 574, 579.

V. Defendant claims one juror was not sworn as required by section 779.17, Iowa Code. The only support for this contention is found in the affidavit of defendant's brother attached to his brief and argument. It is not part of the record. "Affidavits are insufficient to make such objectionable matter available on appeal." State v. LaMar, Iowa, 151 N.W.2d 496, 501.

The question was not raised by counsel below and the record is to the contrary. The following entry appears in the clerk's transcript:

"Now on this 6th day of March, A.D., 1967, this cause comes on for trial by jury. State of Iowa appears by Edward N. Wehr, County Attorney, and the defendant appears by James B. McGrath, his attorney.

"And now, the issues being duly joined, there comes a jury of twelve good and lawful men and women, as follows (naming them including the one claimed not to have been sworn in the affidavit) * * * all of whom being elected, tried and accepted, are thereupon sworn to well and truly try the issues joined and a true verdict render, according to the evidence and instructions of the court."

"* * * we presume the regularity of actions of officials and courts unless the contrary is made to appear." Sewell v. Lainson, 244 Iowa 555, 560, 57 N.W.2d 556, 559; State v. Sefcheck, Iowa, 157 N.W.2d 128; State v. Bastedo, 253 Iowa 103, 110, 111 N.W.2d 255, 259.

VI. There is no merit in defendant's argument his right to fair trial was prejudiced because state's witness Karns was seen talking with a Scott County deputy sheriff in the hallway outside the courtroom just prior to her testimony. Witness Karns

·stated on cross-examination she was not talking about her testimony. In any event, it would not be improper for the witness to discuss her testimony with the deputy sheriff.

VII. Defendant contends "the record does not reveal that warrants for arrest and search and seizure issued according to law".

We approve of the language in People v. Gologonoff, 6 Mich.App. 332, 149 N.W.2d 201, in which the Michigan Supreme Court says: "With respect to defendant's claim that his arrest was illegal, he pleaded not guilty, stood trial, and was convicted by a jury. He cannot now be heard to complain of the alleged illegality of his arrest."

In any event, a warrant for defendant's arrest was not necessary under this record. "It is well settled in this state that a peace officer may arrest without a warrant when he has reasonable grounds for belief that a felony has been committed and that the person before him committed it." State v. Post, 255 Iowa 573, 582, 123 N.W.2d 11, 17; State v. Raymond, 258 Iowa 1339, 1345, 142 N.W.2d 444, 448; section 755.4, Code of Iowa. There was reasonable grounds for such belief here.

The record does not show whether search warrants were obtained. Defendant's counsel at no time questioned the legality or constitutionality of any search or seizure that may have taken place. The state is under no obligation to anticipate a possible constitutional challenge of its procedures. It is defendant's duty to raise the question in some appropriate manner. Mere reference to the silence of the record on appeal is not enough. See the general discussion in State v. LaMar, Iowa, 151 N.W.2d 496, 502–504.

We again refer to the rule that we will presume the regularity of actions of officials unless the contrary is made to appear.

VIII. Defendant claims the trial court erred in allowing the late filing of an amendment to the information. We are not certain to which amendment he had reference. On January 24, 1967, the state filed an amended information charging defendant as a habitual criminal. The trial was not commenced until March 6, 1967. This was not improper.

"Defendant complains it was error to allow the county attorney's information to be amended to charge defendant as a habitual criminal. The county attorney being authorized by statute to file information in the first instance is, with permission of court, authorized to amend it either as to matters of substance or form." State v. Clark, 258 Iowa 254, 258, 138 N.W.2d 120, 123; State v. Girdler, 251 Iowa 1214, 1217, 102 N.W.2d 872, 874–875; Nelson v. Bennett, 255 Iowa 773, 779, 123 N.W.2d 864, 867. The court's permission was obtained.

Following defendant's conviction of receiving or aiding in concealing stolen property and prior to the commencement of the habitual criminal proceeding, the information was amended adding the words "and committed". This amendment was served on defendant three days before trial, Iowa Code, section 773.3. Trial court overruled defendant's objection to the amendment, Iowa Code, section 773.44, and the amendment was filed on March 20, 1967 just before the habitual criminal proceeding was commenced. This was corrective only and was permissible. State v. Miller, 254 Iowa 545, 559, 117 N.W.2d 447, 456.

IX. Defendant did not argue but asserted the trial court failed to rule on defendant's March 14, 1967 motion for a new trial grounded on (1) insufficient evidence to support the verdict, (2) the jury was prejudiced by county attorney's methods and questions, and (3) county attorney failed to call state's witness Richard Lee Paulsen. All of these contentions have been shown to be without merit in prior divisions of this opinion. As the motion was not good, there was no prejudice in failing to rule on it.

X. Defendant asserts many reasons why his counsel was inadequate, ineffective, and incompetent. The transcript shows counsel was conscientious and represented defendant capably. In any event, we know of no rule of law which makes it possible for defendant to select his own counsel and then charge reversible error because of the incompetence of his chosen representative.

XI. The trial court, it is claimed, failed to ascertain whether defendant had been advised of his right to counsel in the prior convictions before approving the amended information charging appellant as a habitual criminal. He cites Burgett v. State of Texas, 389 U.S. 109, 88 S.Ct. 258, 362, 19 L.Ed.2d 319, 324, in which the U. S. Supreme Court says: "Presuming waiver of counsel from a silent record is impermissible." (Cites) We need not consider the Burgett case as our record is not silent. The calendar entries were admitted into evidence over objection during the trial. They are set out in defendant's brief and show he had counsel appointed for him at the time of his 1953 conviction and he affirmatively waived counsel at the 1957 conviction.

Defendant's contentions being without merit, the case is affirmed.

Affirmed.

All Justices concur except BECKER, J., who concurs in the result and RAWLINGS, J., who dissents.

RAWLINGS, Justice (dissenting).

Being unable to agree with reasoning and conclusions set forth in Divisions II and III of the majority opinion, and result reached, I respectfully dissent. With regard hereto see special concurrence in State v. Hardesty, Iowa, 153 N.W.2d 464, 472–473, and dissent in State v. Parker, Iowa, 151 N.W.2d 505, 513–514.

I would reverse and remand for new trial.