## PEOPLE *v.* WILLIE JACKSON

1. INDICTMENT AND INFORMATION—FIRST-DEGREE MURDER—PREMEDITATION—OMISSION—JURY—VERDICT—VALIDITY.

   A verdict of "guilty of murder in the first degree" is valid even though the information charging defendant with first-degree murder omitted the statutory element of premeditation (MCLA § 750.316).

2. CRIMINAL LAW—EVIDENCE—DYING DECLARATION—ADMISSIBILITY.

   A dying declaration is admissible only when there is clear proof that the declarant believed in his impending death and he perceived no hope of recovery.

3. CRIMINAL LAW—EVIDENCE—DYING DECLARATION—ADMISSIBILITY.

   Admission in evidence of a purported dying declaration was prejudicial, where the only evidence of the declarant's mental state was his vague response to an assistant prosecutor's leading questions.

------------

REFERENCES FOR POINTS IN HEADNOTES

[1] 40 Am Jur 2d, Homicide § 45 *et seq.*
   41 Am Jur 2d, Indictments and Informations § 108.
[2, 3] 29 Am Jur 2d, Evidence § 677.
   40 Am Jur 2d, Homicide § 347 *et seq.*
[4] 21 Am Jur 2d, Criminal Law § 368.
   29 Am Jur 2d, Evidence §§ 610–614.

4. CRIMINAL LAW—EVIDENCE—EXTRAJUDICIAL STATEMENTS—ADMISSIBILITY—TEST—INCRIMINATION.

The inculpatory or exculpatory nature of an accused's extrajudicial statements is unimportant; the test of the admissibility of those statements is whether they incriminated that accused.

Appeal from Recorder's Court of Detroit, John P. Scallen, J. Submitted Division 1 January 7, 1970, at Detroit. (Docket No. 5,727.) Decided February 3, 1970.

Willie Jackson was convicted by a jury of first-degree murder. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*Stuart A. Hubbell,* for defendant on appeal.

Before: LESINSKI, C. J., and J. H. GILLIS and QUINN, JJ.

LESINSKI, C. J. On June 24, 1951 at 1 a.m., James Ramsey suddenly ran into the yard of his apartment house residence with his clothing and body in flames. Defendant Willie Jackson appeared in the yard with Ramsey and threw him to the ground in an attempt to extinguish the fire. Ramsey subsequently died of burns received at this time while the defendant suffered first, second and third-degree burns during the incident. Police officers, arriving on the scene, interviewed various witnesses and arrested Willie Jackson. On June 29, 1951, after

lengthy interrogation, defendant was arraigned on a charge of first-degree murder.[1]

On March 18, 1952, following a jury trial and conviction, defendant was sentenced to life imprisonment. After numerous motions for new trial were denied, we granted leave to file a delayed appeal.

Defendant's first claim of error is that the criminal information was defective in that it did not charge the statutory element of premeditation. In support of this contention defendant cites *People v. Gologonoff* (1967), 6 Mich App 332. In that case the jury verdict was "guilty in manner and form as the people have in their information in this cause charged." We reversed "because the charge here involved lacks the element of premeditation. [I]t does not charge first-degree murder as defined in § 316 [MCLA § 750.316]. The verdict does not support the conviction of first-degree murder." While the information in the instant case is substantially the same as the one in *Gologonoff*, the jury verdict here was:

"Guilty of *murder in the first degree*." (Emphasis supplied.)

Thus the problem discussed in *Gologonoff* does not arise and the verdict was valid. See, also, *People v. Dupuis* (1963), 371 Mich 395; *Cf. Attorney General v. Recorder's Court Judge* (1954), 341 Mich 461, 469.

Defendant's second allegation of error concerns the admission into evidence of the purported dying declaration of James Ramsey. It is fundamental that before a dying declaration may be received in evidence there must be clear proof that the declarant believed in his impending death, and that he perceived no hope of recovery. *People* v. *Johnson*

---

[1] MCLA § 750.316 (Stat Ann 1954 Rev § 28.548).

(1952), 334 Mich 169. The record here discloses no such proof. The only evidence of the declarant's state of mind was his vague response to two leading questions asked in the hospital by the assistant prosecuting attorney. This same kind of evidence was rejected as insubstantial in *Johnson*. Where, as here, the other evidence against defendant is purely circumstantial, the prejudicial effect of the erroneous admission of a purported dying declaration by the alleged victim is certain to be substantial. A new trial is mandatory.

Defendant also claims certain statements elicited from him by police were involuntary, being the product of an illegal detention. In the absence of a *Walker*[2] hearing, we are unable to determine the validity of this allegation. In the event the statements are offered during the retrial of this cause, the court shall order a *Walker* hearing to determine the voluntariness of the statements. At that time the effect of *People* v. *Hamilton* (1960), 359 Mich 410, upon the legality of the interrogation, shall be considered,[3] bearing in mind that *Hamilton* applies to

---

[2] *People* v. *Walker* (*On Rehearing*, 1965), 374 Mich 331, made expressly retroactive. See *People* v. *Allen* (1967), 8 Mich App 408.

[3] Among other factors to be considered at the *Walker* hearing is defendant's allegation that the police withheld information of Ramsey's death until various statements had been elicited from defendant. This type of claim was discussed in *People* v. *Allen*, *supra* fn 2, where we said:

"One other allegation of defendant merits discussion. Although the police knew the day after his arrest that a man had died as a result of the fire, they withheld this information from defendant until he had made his incriminating statements. Const 1908, art 2, § 19,* in effect at the time of defendant's arrest, provided that the accused in a criminal prosecution shall be informed of the nature of the accusation against him. We need not comment on this argument, except to say that any withholding from defendant of information that he was facing a murder charge prior to obtaining incriminating statements from him is another factor for the trial judge to consider in conducting a *Walker*-type hearing for the purpose of determining whether such statements can be said to be voluntary." 8 Mich App 408, 413.

* See, currently, Const 1963, art 1, § 20.

all trials commenced after the date of that decision. *People* v. *Besonen* (1966), 4 Mich App 131; *People* v. *Allen* (1967), 8 Mich App 408.[4]  It might be wise to note also that the inculpatory or exculpatory nature of the statements is unimportant.  As we said in *People* v. *Besonen, supra,* at p 138, "the real test to be applied is whether the statement turned out to be incriminating."

Reversed and remanded.

All concurred.

---

[4] Since we reverse on other grounds, the significance of defense counsel's failure to object to the admission of the statements in the lower court is lessened.  Nevertheless, we would consider the issue in any event to determine whether a fair trial was given defendant.  *People* v. *Spells* (1969), 16 Mich App 609.