PEOPLE v. DAVID B. WALKER

CRIMINAL LAW — PLEA OF GUILTY — INFORMATION — WAIVER OF DEFECTS.

> By pleading guilty to an amended information a defendant waived a defect, if any, in the amended information.

Appeal from Wayne, Joseph P. Moynihan, Jr., J. Submitted Division 1 May 14, 1970, at Detroit. (Docket No. 6,493.)  Decided July 27, 1970.

David B. Walker was convicted, on his plea of guilty, of murder in the second-degree.  Defendant appeals.  Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Koscinski,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 495.
41 Am Jur 2d, Indictments and Informations §§ 300, 302.

Before: R. B. Burns, P. J., and Levin and Churchill,* JJ.

Churchill, J. Defendant was convicted by accepted plea of guilty of murder in the second degree[1] and is serving a prison term of 45 to 50 years.

His only claim of error on appeal is that the information and amended information charges him with murder in the first degree after (he asserts) being bound over on the charge of murder in the second degree. It is argued on his behalf that the prosecution was without authority to file an information charging him with murder in the first degree and that his conviction of the lesser included offense is therefore void, citing *People* v. *Dochstader* (1936), 274 Mich 238, and cases of similar import.

The complaint and warrant charged that on March 2, 1968 he "feloniously, deliberately [*sic*], willfully, and of his malice aforethought, did kill and murder one Harold Geer * * * ". He waived examination and was bound over on the charges contained in the complaint and warrant.

On June 17, 1968, an information was filed charging that the defendant " * * * feloniously, deliberately, willfully, and with malice aforethought, *and with premeditation,* did kill and murder one Harold Geer * * * " (emphasis added). Defendant stood mute and the case was set for trial to begin on August 19, 1968.

On August 12, 1968, the prosecuting attorney filed an amended information charging that defendant " * * * feloniously, deliberately, willfully, and with malice aforethought, *while in perpetration or attempted perpetration of robbery,* did kill and murder one Harold Geer * * * " (emphasis

---

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] MCLA § 750.317 (Stat Ann 1954 Rev § 28.549).

added). On August 13, 1968 a *nunc pro tunc* order authorizing the August 12, 1968, amendment was made and filed. This order contained a recital that the attorney for defendant had no objection, but neither notice to nor approval by defendant or his attorney otherwise appear in the record.

On August 19, 1968, the defendant stood mute to the amended information before one judge and then pled guilty of murder in the second degree before another.

In response to a question by Judge Joseph A. Moynihan, at the time of the acceptance of his plea, the defendant described the circumstances of the shooting as follows:

"Well, I went in and robbed the pizzeria. I was about to leave when Mr. Geer came in. I told him to put his hands on the counter. He did and he said, 'Is this what you want?' He pulled out five dollars and laid it on the counter. I said: 'No, just keep your hands on the counter and don't walk out of the place.' As I went to leave I was just to the door when Mr. Geer had reached me. I can't really say how long was the struggle—probably not very long. I did try to shoot him in the leg. I did try to do that but he was behind me and had my arm all the way up touching my head pretty near. Then the gun discharged. It hit him in the chest, I guess".

There is no assertion that the defendant was misled by any of the proceedings. His appeal is founded on the bare assertion that under the procedural circumstances the court was without authority to accept a plea to an included offense in the amended information.

We need not decide if the complaint and warrant charge murder in the first degree.[2] By pleading

---

[2] For recent cases see *People* v. *Gologonoff* (1967), 6 Mich App 332, and *People* v. *Willie Jackson* (1970), 21 Mich App 377. As

guilty to the amended information, Walker waived the defect, if any. *In re Reno* (1948), 321 Mich 497; *People* v. *Norman* (1968), 9 Mich App 647.

His conviction of murder in the second degree is affirmed.

All concurred.

---

to the adequacy of the language in the complaint and warrant to support a first-degree murder conviction when the killing is in perpetration of a robbery, see *Sneed* v. *People* (1878), 38 Mich 248; *People* v. *Page* (1917), 198 Mich 524; MCLA § 767.71 (Stat Ann 1954 Rev § 28.1011), and other cases cited in the annotations thereto.