**STATE of Iowa, Appellee,**

v.

**Kenneth Ray SHEFFEY, Appellant.**

**No. 58392.**

Supreme Court of Iowa.

Feb. 16, 1977.

Newport, Buzzell & Liebbe, Davenport, for appellant.

Richard C. Turner, Atty. Gen., Stephen K. Sandblom, Asst. Atty. Gen., and Edward N. Wehr, County Atty., for appellee.

Heard before MOORE, C. J., and RAWLINGS, LeGRAND, REYNOLDSON and HARRIS, JJ.

LeGRAND, Justice.

On August 13, 1974, Roddy Lee Hahn was killed and James Christensen was seriously wounded when the two came upon a breaking and entering in progress at a Davenport supermarket. Defendant Kenneth Ray Sheffey was charged with Hahn's murder, with an assault upon Christensen with intent to commit murder, and with breaking and entering. He was convicted on all counts. He appeals from judgments entered on the jury verdicts, and we affirm.

Defendant relies on the following issues in asking that we reverse the judgments against him:

1. Error in denying his motion to compel the State to deliver a beer can taken by the police at the scene of the crime for independent inspection by his own expert;

2. Error in restricting defendant's right to cross-examine one of the prosecution witnesses; and

3. Misconduct on the part of the county attorney in violating the court's pretrial order restricting cross-examination of defendant as to prior felony convictions.

Defendant originally cited as error matters arising during the cross-examination of James Chistensen, but he no longer relies on that issue. We therefore give it no consideration here.

Early in the morning of August 13, 1974, Christensen was delivering a semi-trailer load of bread to a supermarket on Rockingham Road. Hahn, a 15-year-old boy, was with him. After the semi-trailer had been backed into the loading dock, Hahn walked around to the front of the store and apparently observed someone inside. A few moments later the burglar came out on the dock where Christensen and Hahn were preparing to unload the bread. Presumably to forestall later identification, he shot and killed Hahn and seriously wounded Christensen. Christensen made positive identification of defendant as the person who shot him and Hahn.

I. We deal first with the alleged error in refusing to permit defendant to have a beer can for inspection and examination in preparation of his defense.

In searching the scene of the crimes, the police discovered an abandoned Pabst Blue Ribbon beer can inside the store. They also found a six-pack of beer with one can missing. Apparently the empty can came from this six-pack. It appeared this might be a significant bit of evidence if defendant's prints could be found on it.

Defendant filed a bill of particulars asking, among other things, for delivery of the beer can for inspection by his own expert. Although a bill of particulars is not the proper procedure to secure the production of evidence (*see State v. Lass,* 228 N.W.2d 758, 765 (Iowa 1975)), we treat this motion as one for the production of evidence. In response to this motion, the State filed its answer stating the can was

"available for inspection at any time." Thereafter the court entered an order directing that the can be delivered to defendant for inspection.

Despite this record, defendant never gained possession of the beer can. Later defendant filed a motion to "compel compliance." In this motion he asked that the State deliver to him for examination "all physical evidence to be used at the trial." Still later he filed a motion to produce in which he alleged he had been denied access to the beer can.

In the meantime a fingerprint examination conducted by the Federal Bureau of Investigation had disclosed defendant's fingerprints were not on the can. The State then discarded any idea of using the beer can as evidence against defendant, a fact made known to both the trial court and to defense counsel. The State offered to stipulate defendant's prints were not on the beer can. The trial court then ruled the can need not be turned over to defendant for examination.

Defendant argues this was error and that he was seriously prejudiced by the ruling. We disagree. The only reason defendant gave for wanting this item of physical evidence was to have it examined to ascertain that his prints were not there. Although there are some statements in defendant's brief that he intended to show also *whose* prints were there, this was not the theory upon which the matter was presented to the trial court.

At no time did defendant make such a claim. This appears from the several motions by which defendant sought this physical evidence. It is also clear from counsel's statements to the court during trial at an in-chambers hearing.

Under these circumstances, we believe the trial court correctly ruled further examination of the beer can would be irrelevant because the State conceded defendant's prints were not on the can and disavowed any intent to use it as evidence.

Another reason we find no merit in defendant's argument lies in the fact he had the benefit of the evidence concerning this matter at trial.

Several witnesses were questioned by defendant about the prints on the beer can. The evidence was undisputed that defendant's fingerprints were not there. At least one police officer so testified, the State stipulated to that effect, and a letter from the Federal Bureau of Investigation was admitted in evidence by agreement setting out that the prints found were not defendant's.

■ This disposes, *too, of* defendant's argument that withholding this item from him amounted to a failure by the State to disclose exculpatory evidence. As already noted, the evidence, for whatever it was worth, was not withheld. Rather it was freely disclosed to defendant and his counsel. From early in the investigation, the State admitted defendant's prints were not there and announced it would so stipulate. It also made available to defendant the FBI letter already referred to.

The obligation of the State to disclose exculpatory evidence is fully discussed in *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). *See also State v. Hall*, 235 N.W.2d 702, 721 (Iowa 1975) and *State v. Peterson*, 219 N.W.2d 665, 674 (Iowa 1974). Nothing in the present record warrants reversal under the principles announced in the cited cases.

II. Defendant next insists the trial court erred in restricting cross-examination of Rick Zabel, a prosecution witness. The trial court refused to permit cross-examination of Zabel concerning his address at the time of trial. This matter was presented to the court by the State's motion in limine which set out that Zabel's life had been threatened and that the probative value of such cross-examination was of such slight significance that it should not be permitted in view of the possible danger to him. The court sustained the motion.

■ The right to confront witnesses includes the right to cross-examine. *Thomas v. State, Board of Parole*, 220 N.W.2d 874, 877 (Iowa 1974). Cross-examination is

a valuable right, essential to a fair trial, one which is to be jealously guarded. *State v. Crawford,* 202 N.W.2d 99, 105 (Iowa 1972).

■ The extent and scope of cross-examination lie largely within the sound discretion of the trial court. *State v. Carney,* 236 N.W.2d 44, 46 (Iowa 1975); *State v. Monroe,* 236 N.W.2d 24, 29 (Iowa 1975).

■ Ordinarily one has the right to cross-examine a witness concerning his address, occupation, and other routine matters. However, that right is not absolute and may be restricted to protect a witness from embarrassment, harassment, or threats to his safety. *Alford v. United States,* 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624, 627–629 (1931); *Smith v. Illinois,* 390 U.S. 129, 88 S.Ct. 748, 19 L.Ed.2d 956, 959–960 (1968); *United States v. Crockett,* 506 F.2d 759, 762 (5th Cir. 1975), *U. S. appeal pending; United States v. Harris,* 501 F.2d 1, 9 (9th Cir. 1974).

■ We hold there was no abuse of discretion in limiting defendant's inquiry into Zabel's whereabouts at the time of trial.

■ Defendant also desired to cross-examine Zabel concerning testimony he had given in a criminal prosecution of one Terry Lee Jones on a charge unrelated to the present case. Jones was acquitted.

On the State's motion, the court ordered defendant not to cross-examine Zabel concerning his testimony in that case.

■ Defendant argues the Jones jury must have disbelieved Zabel and that he should be permitted to show this as bearing on Zabel's credibility. We agree with the trial court that the acquittal of Jones in a trial at which Zabel was a prosecution witness is irrelevant in the present case. The test of relevancy is whether the evidence offered would render the desired inference more probable than it would be without such evidence. *State v. Sparks,* 238 N.W.2d 777, 779 (Iowa 1976). To put it another way, irrelevant evidence is that which has no logical tendency to establish any material proposition. *State v. Walker,* 218 N.W.2d 915, 919 (Iowa 1974). *See also*

*State v. Clay,* 213 N.W.2d 473, 477 (Iowa 1973).

Defendant in the case before us wanted the jury to draw the inference Zabel was not a truthful witness because he had testified in a previous case for the State which had resulted in an acquittal.

We agree with the trial court that the proposed evidence was irrelevant for that purpose. It was properly rejected.

III. Defendant's last assignment of error concerns alleged misconduct of the county attorney in cross-examining the defendant. The background for this is a motion in limine and the court's order thereon.

■ Defendant filed a motion in limine in which it asked that the State be prevented from interrogating defendant concerning his past criminal record except to inquire if defendant has been convicted of a felony. This motion was sustained.

When defendant testified, the county attorney asked if he had been convicted of a felony. Upon receiving an affirmative answer, he asked this question:

"Q. . More than one?"

Objection was made and sustained. A motion for mistrial was overruled. This is assigned as reversible error.

Defendant argues a new trial should be granted because the prosecuting attorney violated the pretrial order. We cannot agree with this. A new trial should be ordered only if defendant was denied a fair trial.

We believe defendant got a better ruling from the trial court than he was entitled to. This same issue has been decided in several recent cases. *See State v. Miller,* 229 N.W.2d 762, 766–768 (Iowa 1975); *State v. Houston,* 261 Iowa 1369, 1372, 1373, 158 N.W.2d 158, 160, 161 (1968).

No claim is made that the interrogation concerning defendant's prior felonies was improper under the rules established in *State v. Martin,* 217 N.W.2d 536, 539 *et seq.* (Iowa 1974).

■ We hold if felony convictions are otherwise admissible under the *Martin* doc-

trine, it is not error to interrogate defendant concerning the number of such convictions.

IV.  We find no reversible error in any of the issues raised and we accordingly affirm the judgments.

AFFIRMED.