PEOPLE v DWYNN SMITH

Docket No. 66731. Submitted December 21, 1982, at Detroit.—Decided
April 6, 1983. Leave to appeal denied, 417 Mich 1068.

Dwynn Smith was charged with murder and made a statement
confessing to the offense. A *Walker* hearing was held to deter-
mine the voluntariness of the confession and the Recorder's
Court of Detroit, Joseph A. Gillis, J., concluded that the confes-
sion was involuntarily given, and therefore inadmissible, be-
cause it had been initiated by a promise by the police to release
a close friend of the defendant from custody if defendant
confessed to the murder. The trial court ordered the suppres-
sion of the confession, and the prosecutor appealed by leave
granted. *Held:*

1. In reviewing a trial court's findings at a *Walker* hearing,
the Court of Appeals must examine the entire record and make
an independent determination of voluntariness. The ultimate
consideration is whether the confession is the product of an
essentially free and unconstrained choice.

2. A promise by the police to release a third person who is
not a relative of the defendant does not in itself constitute
coercion which would render a confession involuntary and
inadmissible. Review of the record in this case indicates that
the defendant's confession was not rendered involuntary by the
promise of the police.

Reversed.

1. CRIMINAL LAW — CONFESSIONS — VOLUNTARINESS OF CONFESSION.

The trial judge sits as the trier of fact at a hearing to determine
the voluntariness of a defendant's confession.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 29 Am Jur 2d, Evidence §§ 582, 584, 587.
    Admissibility of pretrial confession in criminal case—Supreme
    Court cases. 1 L Ed 2d 1735.
    Constitutional aspects of procedure for determining voluntariness of
    pretrial confession. 1 ALR3d 1251.
[3] 29 Am Jur 2d, Evidence §§ 545, 549, 550.
[4] 29 Am Jur 2d, Evidence §§ 529, 543.

2. Criminal Law — Appeal — Confessions — Voluntariness of Confession.

The Court of Appeals, when reviewing the findings of a trial court made at a *Walker* hearing, must examine the entire record and make an independent determination of the ultimate issue of the voluntariness of the defendant's confession.

3. Criminal Law — Confessions — Voluntariness of Confession.

The relevant factors considered in determining the voluntariness of a defendant's confession include: (1) the duration and conditions of detention; (2) the manifest attitude of the police toward the accused; (3) the physical and mental state of the accused; and (4) diverse pressures which sap or sustain the accused's powers of resistance or self-control; the ultimate consideration is whether the confession is the product of an essentially free and unconstrained choice.

4. Criminal Law — Confessions — Voluntariness of Confession — Coercion.

A promise by the police to release from custody a third person who is not a relative of the defendant does not in itself constitute coercion which would render a confession involuntary and inadmissible.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Larry L. Roberts,* Assistant Prosecuting Attorney, for the people.

*David S. Steingold,* for defendant.

Before: V. J. Brennan, P.J., and M. J. Kelly and J. M. Graves, Jr.,* JJ.

Per Curiam. The Wayne County Prosecuting Attorney appeals by leave granted an August 19, 1982, opinion and order of the Recorder's Court for the City of Detroit ordering defendant's confession suppressed on the grounds that a promise initiated by the interrogating police officer, Detective

* Circuit judge, sitting on the Court of Appeals by assignment.

Kramer, overcame the defendant's free will and thereby renders defendant's confession inadmissible. After a *Walker* hearing *[People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87 (1965)], the trial court concluded that Detective Kramer had promised defendant that his friend Daryl Carter would be released from police custody if defendant confessed to murder.

At a *Walker* hearing, the trial judge sits as the trier of fact. When confronted with a conflict in the testimony, it is his duty to determine the credibility of the witnesses and arrive at his decision of whom to believe. *People v Yacks,* 38 Mich App 437, 440; 196 NW2d 827 (1972). The *Walker* hearing record in the instant case amply supports the trial judge's finding that Detective Kramer initiated the promise to defendant. Nevertheless, this Court is required to examine the entire record and make an independent determination of the ultimate issue of voluntariness. *People v Robinson,* 386 Mich 551, 558-559; 194 NW2d 709 (1972). Some of the relevant factors in determining the issue of voluntariness include: (a) the duration and conditions of detention; (b) the manifest attitude of the police toward the accused; (c) the physical and mental state of the accused; and (d) diverse pressures which sap or sustain the accused's powers of resistance or self-control. *People v Allen,* 8 Mich App 408, 412; 154 NW2d 570 (1967), citing *Culombe v Connecticut,* 367 US 568; 81 S Ct 1860; 6 L Ed 2d 1037 (1961). The ultimate consideration is whether " 'the confession (is) the product of an essentially free and unconstrained choice by its maker' ". *People v Carl Johnson,* 99 Mich App 547, 555; 297 NW2d 713 (1980).

We find that the defendant's statement was voluntary. Defendant was in custody for not more

than 2-1/2 hours. It is not disputed that defendant was promptly advised of his *Miranda* rights, *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694; 10 ALR3d 974 (1966). He was dressed and was not alone in a room with the interrogating officer. He was not physically forced to make the statement. Defendant was intelligent enough to have completed one semester of college. Finally, defendant admitted that he did not trust the interrogating officer. We agree with those decisions in our sister states which hold that a police promise to release a third person who is not a relative of the defendant does not in itself constitute coercion which would render a confession involuntary and inadmissible. See *People v Kendrick,* 56 Cal 2d 71; 15 Cal Rptr 13; 363 P2d 13 (1961); *State v Anderson,* 298 NW2d 63 (Minn, 1980). Thus, we hold that under these circumstances the promise made by Detective Kramer, standing alone, does not render defendant's confession involuntary.

The decision of the trial court is reversed. At trial defendant's statement will be admissible.

Reversed.