PEOPLE *v.* BROOKS

1. APPEAL AND ERROR—CRIMINAL LAW—INSTRUCTIONS TO JURY.
   The Court of Appeals will not normally consider errors in jury instructions to which no objection was made at trial.

2. CRIMINAL LAW—STATEMENT—VOLUNTARINESS—HEARING.
   Unarmed robbery case must be remanded for evidentiary hearing as to the voluntariness of defendant's extrajudicial statement where a portion of that statement became part of the evidence when the prosecutor attempted to introduce it, there was no evidentiary hearing on its voluntariness, and the substance of the statement was so incriminating that a jury instruction to disregard it could not cure the prejudice to the defendant (MCLA § 750.530).

Appeal from Genesee, Donald R. Freeman, J. Submitted Division 2 February 3, 1970, at Lansing. (Docket No. 6,269.)   Decided March 27, 1970.

Robert Brooks was convicted of unarmed robbery. Defendant appeals.   Remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

*Carl L. Bekofske,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES
[1]  5 Am Jur 2d, Appeal and Error § 891.
[2]  5 Am Jur 2d, Appeal and Error § 962.
     29 Am Jur 2d, Evidence § 582 *et seq.*

Before: Lesinski, C. J., and McGregor and V. J. Brennan, JJ.

Per Curiam. Defendant was found guilty of the crime of unarmed robbery, in violation of MCLA § 750.530 (Stat Ann 1954 Rev § 28.798), and from this verdict he appeals. Initially, defendant was arrested for armed robbery of a taxicab driver. At the time of his arrest, he made a statement to police officers. After the prosecuting attorney filed his notice of intention to use in evidence the defendant's confession and/or admission, defense counsel filed a demand for a verbatim copy of any written confession or admission, and a concise summary of any oral confession or admission made by the defendant. This motion was never passed on by the trial judge, nor was the requested information furnished by the prosecution.

During the trial, a police officer began testifying about the contents of this alleged confession. Defense counsel promptly objected on the grounds that he had not been furnished with a copy of any confession, and moved for a mistrial. The trial judge ruled that the defendant's alleged statement was inadvertently brought out, and since it was not done in bad faith, he denied the motion for mistrial. The trial judge also ruled that since the prosecution had not furnished to the defense a copy of defendant's statements, if any, the prosecution could not continue this line of questioning. The trial judge then instructed the jury to disregard any statement alleged to have been made by the defendant. In his instructions, the judge emphasized the word "alleged."

Although counsel made a timely demand for a copy of the statement made by defendant, he never pursued this matter beyond the initial demand,

which was made eight months prior to trial. The rule* which was in effect prior to defendant's arrest required the prosecution to furnish defense counsel with a verbatim copy of any confession or admission made by defendant. Although this rule had been repealed, the prosecuting attorney apparently was furnishing, upon request by defense counsel, as a matter of course, a copy of any confession or admission made by a defendant.

Defendant asserts that reversible error was committed by the judge's instructions. During the jury deliberations, the jury became troubled by defendant's testimony, which may have been interpreted by the jury as tantamount to a plea of guilty to one of the lesser included offenses enumerated by the judge. After a supplemental instruction, argues the defendant, the jury still had the erroneous impression that defendant had pled guilty to one of the lesser included offenses, which necessarily would bar it from returning a not guilty verdict.

Plaintiff correctly states that no objection was made to the supplemental instruction, and we should not consider it on appeal. Although we do not normally consider errors to which no objection was made at trial, we have reviewed the supplemental instruction and find that no reversible error was committed.

Without forewarning, and while in the presence of the jury, the prosecution attempted to introduce

---

* GCR 1963, 785.5. Repealed, June 8, 1967.
"At the time of arraignment on information or indictment, the prosecuting attorney shall give written notice to the defendant of any confession or admission which was obtained from the defendant by any government law enforcement officer or any person acting in cooperation with such officer and which the prosecuting attorney intends to use as evidence in the prosecution of the defendant. A copy of the notice shall be filed with the court. Defendant shall be entitled, on demand, to a verbatim copy of any written or recorded confession or admission listed in the notice. Defendant shall also be entitled, on demand, to a list of the witnesses to the making, execution, and acknowledgement of these statements."

the defendant's alleged confession, at which time defense counsel objected. Inasmuch as the substance of defendant's statement was heard by the jury, and in view of the fact that no evidentiary hearing was had as to the voluntariness of the statement, the limiting instruction would not cure any prejudice to the defendant if the statement were involuntarily made.

"It is not unreasonable to conclude that in many such cases the jury can and will follow the trial judge's instructions to disregard such information. Nevertheless, as was recognized in *Jackson* v. *Denno, supra* [378 US 368 (84 S Ct 1774; 12 L Ed 2d 908)] there are some contexts in which the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored." *Bruton* v. *United States* (1968), 391 US 123, 135 (88 S Ct 1620, 1627; 20 L Ed 2d 476, 484, 485).

We remand for further proceedings in accord with *People* v. *Walker* (On Rehearing, 1965), 374 Mich 331.

"If the trial judge, on the basis of the separate hearing and record made, determines that the confession was involuntarily given, defendant will thereupon instanter be granted a new trial. Contrariwise, if he determines the confession to have been voluntarily given, and thus admissible in evidence, defendant will have had a trial affording him constitutional due process." *People* v. *Walker, supra,* 338.

Remanded for proceedings not inconsistent with this opinion. We reserve no further jurisdiction in this cause.