PEOPLE v. WALKER.

ON REHEARING.

1. CRIMINAL LAW—CONFESSIONS—VOLUNTARINESS—SEPARATE REC-
ORD.

The voluntariness of a confession of person accused of crime is
not a proper matter for submission to the jury determining
guilt or innocence without there having first been made a
separate determination thereof on a separate record.

2. SAME—CONFESSIONS—COERCION.

One accused of crime has a constitutional right to have an in-
voluntary confession entirely disregarded and to have the
coercion issue fairly and reliably determined.

3. COURTS—CONSTRUCTION OF CONSTITUTION.

Interpretations of the Constitution by the Supreme Court of the
United States must be accepted by other courts irrespective of
dissents expressed in cases in which the majority rule has been
evolved.

4. CRIMINAL LAW—CONFESSIONS—VOLUNTARINESS—NEW TRIAL.

Accused who was convicted of first-degree murder after a trial
in which jury was permitted to determine issue as to volun-
tariness of his alleged confession, is granted a hearing in the
trial court upon such issue, determination by the trial court
to be made on a separate record and defendant being accorded
the right to testify on such issue without waiving his right to
decline to take the stand on trial in chief; a new trial being
granted if the trial court determines the confession to have
been involuntary, but trial previously had sufficing to afford
constitutional due process if confession is determined to have
been voluntary.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur, Trial § 281.
  20 Am Jur, Evidence § 532 et seq.
[2] 20 Am Jur, Evidence §§ 482, 483.
[3] 20 Am Jur 2d, Courts § 225 et seq.
[4] 58 Am Jur, Witnesses § 96.

Appeal from Recorder's Court of Detroit; Ricca (John A.), J. Submitted May 5, 1964. (Calendar No. 44, Docket No. 49,789.) Decided January 5, 1965.

Lee Dell Walker was convicted of first-degree murder. Jurisdiction released and cause remanded for determination on a separate record whether confession was voluntary, with grant of new trial or affirmance of verdict of guilt dependent thereon.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Samuel H. Olsen,* Prosecuting Attorney, *Samuel J. Torina* and *Angelo A. Pentolino,* Assistant Prosecuting Attorneys, for the people.

*Albert Best,* for defendant.

*Amicus Curiae:*
American Civil Liberties Union of Michigan, by *Rolland R. O'Hare,* Chairman, *Erwin R. Ellman,* General Counsel, *Donald H. Gordon,* and *Lionel H. Frankel.*

## ON REHEARING.

O'HARA, J. By an equally divided Court, defendant's conviction of first-degree murder was upheld in *People* v. *Walker,* 371 Mich 599. Rehearing and reargument were granted.

In fairness to the circuit bench, the prosecuting attorneys of the State, the defense bar, and through them all, to the ultimate repository of our judicial responsibility—the citizenry of Michigan—we owe a duty to speak clearly of the effect of *Jackson* v. *Denno,* 378 US 368 (84 S Ct 1774, 12 L ed 2d 908) handed down since our previous decision herein.

If we read *Jackson* v. *Denno, supra,* correctly the action of the trial judge in submitting the question

·of the voluntariness of defendant's confession to the same jury which was trying the issue of his guilt ·or innocence without first, on a separate record, making separate determination thereof is no longer .a permissible rule of law. The question before us .now is which of the 2 rules therein approved constitutionally by the United States Supreme Court is to be adopted in Michigan.

The question in *Jackson* v. *Denno, supra,* as here, was the admissibility of a confession claimed to have been involuntarily made. The New York State ·court, where Jackson was tried and convicted, admitted the confession under its rule.[1] That rule historically has been the rule of this State. Very simply stated it is: If under no circumstances the ·confession could be deemed voluntary, the trial judge was obligated to exclude it. If the evidence presented a fair question of fact as to its voluntary nature, the confession was received and the jury under proper instruction determined the question. The trial judge followed that rule. Defendant was convicted. He filed a petition for habeas corpus in the Federal district court. The writ was there denied and the court of appeals affirmed. Certiorari was granted by the United States Supreme Court "to consider fundamental questions about the constitutionality of the New York procedure governing the admissibility of a confession alleged to be involuntary."

The Court then answered (pp 386–391):

"Under the New York procedure, the evidence given the jury inevitably injects irrelevant and impermissible considerations of truthfulness of the confession into the assessment of voluntariness. Indeed the jury is told to determine the truthful-

[1] *People* v. *Jackson,* 10 NY2d 780 (219 NYS2d 621, 177 NE2d 59); 10 NY2d 816 (221 NYS2d 521, 178 NE2d 234). See, also, denial of certiorari, 368 US 949 (82 S Ct 390, 7 L ed 2d 344).

ness of the confession in assessing its probative value. As a consequence, it cannot be assumed, as the *Stein*[2] court assumed, that the jury reliably found the facts against the accused. This unsound assumption undermines *Stein's* authority as a precedent and its view on the constitutionality of the New York procedure. The admixture of reliability and voluntariness in the considerations of the jury would itself entitle a defendant to further proceedings in any case in which the essential facts are disputed, for we cannot determine how the jury resolved these issues and will not assume that they were reliably and properly resolved against the accused. And it is only a reliable determination on the voluntariness issue which satisfies the constitutional rights of the defendant and which would permit the jury to consider the confession in adjudicating guilt or innocence.

"But we do not rest on this ground alone, for the other alternative hypothesized in *Stein*—that the jury found the confession involuntary and disregarded it—is equally unacceptable. Under the New York procedure, the fact of a defendant's confession is solidly implanted in the jury's mind, for it has not only heard the confession, but it has been instructed to consider and judge its voluntariness and is in position to assess whether it is true or false. If it finds the confession involuntary, does the jury—indeed, can it—then disregard the confession in accordance with its instructions? If there are lingering doubts about the sufficiency of the other evidence, does the jury unconsciously lay them to rest by resort to the confession? Will uncertainty about the sufficiency of the other evidence to prove guilt beyond a reasonable doubt actually result in acquittal when the jury knows the defendant has given a truthful confession?

"It is difficult, if not impossible, to prove that a confession which a jury has found to be involuntary

---

[2] *Stein* v. *New York*, 346 US 156 (73 S Ct 1077, 97 L ed 1522).

has nevertheless influenced the verdict or that its findings of voluntariness, if this is the course it took, was affected by the other evidence showing the confession was true. But the New York procedure poses substantial threats to a defendant's constitutional rights to have an involuntary confession entirely disregarded and to have the coercion issue fairly and reliably determined. These hazards we cannot ignore.

"As reflected in the cases in this court, police conduct requiring exclusion of a confession has evolved from acts of clear physical brutality to more refined and subtle methods of overcoming a defendant's will.

" 'This court has recognized that coercion can be mental as well as physical and that the blood of the accused is not the only hallmark of an unconstitutional inquisition. A number of cases have demonstrated, if demonstration were needed, that the efficiency of the rack and thumbscrew can be matched, given the proper subject, by more sophisticated modes of "persuasion." ' *Blackburn* v. *Alabama,* 361 US 199, 206 (80 S Ct 274, 4 L ed 2d 242).

"Expanded concepts of fairness in obtaining confessions have been accompanied by a correspondingly greater complexity in determining whether an accused's will has been overborne—facts are frequently disputed, questions of credibility are often crucial, and inferences to be drawn from established facts are often determinative. The overall determination of the voluntariness of a confession has thus become an exceedingly sensitive task, one that requires facing the issue squarely, an illuminating isolation and unbeclouded by other issues and the effect of extraneous but prejudicial evidence. See *Wilson* v. *United States,* 162 US 613 (16 S Ct 895, 40 L ed 1090) ; *United States* v. *Carignan,* 342 US 36 (72 S Ct 97, 96 L ed 48) ; *Smith* v. *United States,* 348 US 147 (75 S Ct 194, 99 L ed 192). Where pure factual considerations are an important ingredient, which is true in the usual case, appellate review, in this Court is, as a practical matter, an inadequate

substitute for a full and reliable determination of the voluntariness issue in the trial court and the trial court's determination, *pro tanto,* takes on an increasing finality. The procedures used in the trial court to arrive at its conclusions on the coercion issue progressively take on added significance as the actual measure of the protection afforded a defendant under the due process clause of the Fourteenth Amendment against the use of involuntary confessions. These procedures must, therefore, be fully adequate to insure a reliable and clear cut determination of the voluntariness of the confession, including the resolution of disputed facts upon which the voluntariness issue may depend. In our view, the New York procedure falls short of satisfying these constitutional requirements. *Stein* v. *New York* is overruled."

With the fall of the New York rule, Michigan's falls also.

Then follows this all important footnote (19), in *Jackson, supra* 391:

"Whether the trial judge, another judge, or another jury, but not the convicting jury, fully resolves the issue of voluntariness is not a matter of concern here. To this extent we agree with *Stein* that the States are free to allocate functions between judge and jury as they see fit."

In the area of constitutional interpretation we are obligated to accept the majority view of the Federal Supreme Court however we may individually assess in this case the dissents of Justices Black, Clark, and Harlan, in which latter Justice Stewart joined.

Since, then, the issue of the voluntariness of the confession was determined under a rule now determined to have been unconstitutional, we must remand the case for further proceedings. At this point, however, it becomes critical to our criminal procedure that we indicate precisely for what we re-

mand. Since the "New York" rule is unconstitutional, there remains for our adoption, both retrospectively and prospectively, either the so-called "Massachusetts" or the "orthodox" rule.[3] For amplification of the differences, we refer the circuit bench and the bar to the decision in *Jackson, supra,* its copious footnotes and its references to text material.

Capsulized, the question is: Will Michigan entrust the now required separate hearing on the issue of voluntariness to the trial judge alone and make his determination thereof final? This is the so-called "orthodox" rule. Under this rule, if the judge finds on a proper record made the confession to be involuntary, the matter ends there and the jury never considers it. Contrariwise, if the judge determines it to have been voluntarily made, it is admitted. The issue of voluntariness is not submitted to the jury. Jury consideration is limited to its weight and credibility. This rule is in legal substance an extension of the present concept of the admissibility of evidence challenged on a motion to suppress. If the evidence is suppressed, again the matter ends there. If it is admitted, the jury may still consider its evidentiary weight.

The essential difference between the foregoing and the Massachusetts rule is that under the latter, if the trial judge finds the confession involuntary, it is still, of course, not admitted. However, if he determines it to have been voluntarily given and admits it, the jury still may disregard his finding and by its own deliberation, under instruction, find it to have been involuntarily given, and thus disregard it completely.

We think the latter rule contains a contradiction in terms. If we arrogate to the trial judge the right

---

[3] See 3 Wigmore, Evidence (3d ed), § 861.

to adjudicate voluntariness, even though that question involves issues of fact, we find no basis in logic in submitting the same question over again to the jury to second-guess him. We believe their determination should be limited to truthfulness, *i.e.,* weight and credibility.

We therefore release our jurisdiction of the cause and direct the recorder's court to assume jurisdiction to make a determination upon a separate record upon the issue of the voluntariness of the confession only. At this hearing, we hold the defendant may take the stand and testify for the limited purpose of making of record his version of the facts and circumstances under which the confession was obtained. We hold further that by so doing defendant does not waive his right to decline to take the stand on trial in chief, if retrial is ordered. Neither does he waive any of the other rights stemming from his choice not to testify. This we believe comports with the apparent intention of *Jackson, supra,* to require the issue of the voluntariness of a confession to be determined completely apart from and independent of the consideration of that issue by the jury which is considering guilt or innocence under established procedures.

If the trial judge, on the basis of the separate hearing and record made, determines that the confession was involuntarily given, defendant will thereupon instanter be granted a new trial. Contrariwise, if he determines the confession to have been voluntarily given, and thus admissible in evidence, defendant will have had a trial affording him constitutional due process. This we believe likewise accords with the intent of the opinion in *Jackson, supra* 393, 394:

"It is New York [Michigan], therefore, not the Federal habeas corpus court, which should first provide Jackson with that which he has not yet had

and to which he is constitutionally entitled—an adequate evidentiary hearing productive of reliable results concerning the voluntariness of his confession. It does not follow, however, that Jackson is automatically entitled to a complete new trial including a retrial of the issue of guilt or innocence. Jackson's position before the district court, and here, is that the issue of his confession should not have been decided by the convicting jury but should have been determined in a proceeding separate and apart from the body trying guilt or innocence. So far we agree and hold that he is now entitled to such a hearing in the State court. But if at the conclusion of such an evidentiary hearing in the State court on the coercion issue, it is determined that Jackson's confession was voluntarily given, admissible in evidence, and properly to be considered by the jury, we see no constitutional necessity at that point for proceeding with a new trial, for Jackson has already been tried by a jury with the confession placed before it and has been found guilty."

Accordingly, the case is remanded to the recorder's court for the further proceedings herein directed.

KAVANAGH, C. J., and DETHMERS, KELLY, BLACK, SOURIS, SMITH, and ADAMS, JJ., concurred.