PEOPLE v OLSON

Docket No. 54860. Argued September 11, 1974 (Calendar No. 10).—
Decided January 27, 1976.

Ray Lee Olson was convicted of first-degree murder by a jury in
Kalamazoo Circuit Court, Lucien F. Sweet, J., in 1951. Confes-
sions by Olson and a codefendant were introduced at trial. A
*Walker* hearing was ordered in 1970 and the circuit court
found Olson's confession was voluntary. The defendant also has
raised issues concerning the admission of other evidence and
denial of a change of venue. The Court of Appeals, Bronson,
P. J., and Quinn and Danhof, JJ., denied application for de-
layed appeal (Docket No. 15369). Defendant appeals. *Held:* A
lengthy recitation of facts and legal issues in this case would
serve no good purpose. No new legal ground would be broken
and no new law explained. Considering the defendant's argu-
ments in the light of the law existing in 1951 and rulings made
since that time, the argument that the defendant did not
receive a fair trial is not persuasive.

Affirmed.

CRIMINAL LAW—FAIR TRIAL—DELAYED APPEAL—APPLICABLE RULE OF
LAW.

Standards of criminal procedure and what constitutes a "fair
trial" have changed in the past twenty-five years and many
practices considered acceptable in 1951 would not be counte-
nanced today; a defendant's conviction in 1951 of first-degree
murder is affirmed where a thorough review of issues concern-
ing prejudicial publicity and the admission of certain evidence
raised in a delayed appeal in the light of the law existing in
1951 and of rulings made since that time is not persuasive that
the defendant did not receive a fair trial.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Donald A. Burge,*

REFERENCE FOR POINTS IN HEADNOTE
75 Am Jur 2d, Trial §§ 31, 32.

Prosecuting Attorney, and *Stephen M. Wheeler,* Chief of Appellate Division, for the people.

*Justin Brocato* for defendant.

KAVANAGH, C. J. This appeal is from a 1951 conviction of first-degree murder. Allegations of error are made concerning prejudicial publicity and the admission of certain evidence. We affirm.

In 1950, Carolyn Drown was murdered near Kalamazoo. Two men, one of them appellant Olson, were convicted by a jury of first-degree murder for that killing.

Confessions of both defendants were introduced at trial. Because of the United States Supreme Court's subsequent decision in *Jackson v Denno,* 378 US 368; 84 S Ct 1774; 12 L Ed 2d 908 (1964), and our resulting decision in *People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87 (1965), a hearing was ordered in December, 1970, to determine the voluntariness of Olson's confession. The confession was found to be voluntary. The admission of other evidence has also been challenged, including statements of the codefendant, material seized from Olson's automobile, and testimony concerning a polygraph examination. Defendant also urges that his motion for change of venue should have been granted due to prejudicial publicity.

A lengthy recitation of the facts and legal issues involved in this case would serve no good purpose. No new legal ground would be broken and no new law explained.

Our standards of criminal procedure, and our notion of what constitutes a "fair trial" have changed in the quarter century since this trial occurred. Many practices considered acceptable in 1951 would not be countenanced in 1976. More

importantly, they would not be employed by law enforcement agencies today.

We have made a thorough review of the issues presented. We have considered appellant's arguments in light of the law existing in 1951, and have considered application of rulings made since that time. We are not persuaded that this defendant did not receive a fair trial. The conviction is affirmed.

WILLIAMS, LEVIN, COLEMAN, and FITZGERALD, JJ., concurred with KAVANAGH, C. J.

LINDEMER and RYAN, JJ., took no part in the decision of this case.