Kenneth **WILLIAMS**, Petitioner,

v.

Charles **ANDERSON**, Respondent.

Civ. A. No. 79–73824.

United States District Court,
E. D. Michigan, S. D.

Oct. 15, 1980.

Kenneth Williams, in pro. per.

Frank J. Kelley, Atty. Gen. by Keith D. Roberts, Asst. Atty. Gen., Corrections Division, Lansing, Mich., for respondent.

MEMORANDUM OPINION AND ORDER

GILMORE, District Judge.

The Petitioner, Kenneth Williams, brings this application for a writ of habeas corpus pursuant to 28 U.S.C. Section 2254. He alleges two grounds for relief:

1. His conviction was obtained by the use of a coerced confession, and
2. The plea bargain under which Petitioner pled guilty was breached.

Respondent has filed a motion to dismiss pursuant to FRCP 12(b)(6).

Petitioner was arrested with his brother on October 1, 1976, for Unlawfully Driving Away an Automobile. He alleges that after he was told by police officers that his brother, who was suffering from the effects of heroin withdrawal, would be allowed to leave if petitioner confessed to an armed robbery which occurred earlier, he did confess to the robbery.

Petitioner challenges this confession. A hearing was held in the Wayne County Circuit Court on the matter of the voluntariness of the confession, and the Court held as a matter of law that the statement was freely and voluntarily made. This finding was not overturned, although this case went through the full appellate process in Michigan.

After the Walker hearing, (*People v. Walker*, 374 Mich. 331, 132 N.W.2d 87 (1965)), Petitioner pled guilty to one count of armed robbery.

As a part of the plea bargain, other robbery counts were dismissed, and the Prosecutor agreed not to file habitual criminal charges against petitioner. In addition, petitioner alleges that there was an additional understanding that he would not be sentenced to more than ten years in prison. Judge Foley of the Wayne County Circuit Court sentenced Petitioner to 30 to 50 years, and this conviction has gone through the entire appellate process in Michigan, the Supreme Court having denied leave to appeal on November 30, 1977.

Petitioner's first ground that his guilty plea was motivated by an alleged coerced confession is without merit. A Walker hearing, required under Michigan Law, was held by the trial court and the confession was found to be voluntarily obtained. This was not disturbed on appeal in the Michigan courts, and there is nothing in the record to indicate that it should be disturbed by this Court.

Furthermore, in *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973), the Court held that:

" . . . a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."

■■■ At the time of the taking of the plea in the Wayne County Circuit Court, defendant admitted his guilt in open court, and the entry of the guilty plea precludes a collateral attack on an alleged coerced confession. Therefore, because there was adequate basis for the finding of voluntariness, which the appellate courts of Michigan have not disturbed, and because the entry of the guilty plea precludes a collateral attack on the alleged coerced confession, petitioner is not entitled to habeas corpus relief on this ground.

Petitioner also contends that the plea agreement he entered into was breached when Judge Foley sentenced him to 30 to 50 years for armed robbery. He claims he was told the sentence would be no more than ten years. This claim is totally refuted by the record of the plea of guilty. At the plea proceeding, petitioner's counsel stated on the record:

"I have also outlined to him, so there will be no misunderstanding, he will be eligible for parole–under our parole system in Michigan he most likely would be eligible for parole in most likely ten years, he can then be taken in to consid-

eration. There is no promise as to what the Parole board will or will not do at that future time."

"Mr. Williams understands the Parole Board, ten years from now, will have an independent determination, and I will not be involved in it, nor the Prosecutor." (Guilty Plea Transcript, at pages 3–4.)

Petitioner's counsel further pointed out as follows in the plea transcript:

"I have emphasized to my client that your sentencing will be independent of any agreement as to the exact number of years, or any particular term or condition. Your Honor would review the record carefully, and, based on the pre–sentence report, issue a sentence. The only question about sentencing was that he would be eligible for parole because of a no habitual offender being raised."

█ Petitioner was repeatedly advised by the sentencing Court as to the maximum sentence for armed robbery, and that there was no promise of any particular sentence. Petitioner indicated on the record that he understood the possible sentence, and his attorney indicated he was satisfied that GCR (1963) 785 of Michigan was complied with. It is clear from the record that no promises were made that have not been kept, and that no part of the plea bargain was breached. No habeas corpus relief is therefore warranted on this ground.

For these reasons, IT IS ORDERED that Petitioner's application for a writ of habeas corpus be, and the same is, hereby denied.