PEOPLE v MERRIWEATHER

Docket No. 131742. Submitted February 3, 1993, at Detroit. Decided September 7, 1993, at 9:50 A.M. Leave to appeal sought.

Bashara Merriweather was convicted by a jury in the Recorder's Court of Detroit, Michael J. Talbot, J., of assault with intent to rob while armed, assault with intent to murder, breaking and entering an occupied dwelling, and two counts of first-degree criminal sexual conduct. The defendant was sentenced to imprisonment for life for each of the assault convictions, ten to fifteen years for the breaking and entering conviction, and 60 to 120 years for each of the criminal sexual conduct convictions. The defendant appealed.

The Court of Appeals *held*:

1. The defendant's claim that his convictions must be reversed because the trial court failed to conduct a hearing concerning the voluntariness of his confession before admitting it into evidence is without merit. The record clearly shows that such a hearing was held.

2. The sixty-year minimum sentences for the criminal sexual conduct convictions, being triple the twenty-year upper limit of the minimum sentence recommended in the sentencing guidelines, violates the proportionality requirement of *People v Milbourn,* 435 Mich 630 (1990), and must be set aside. Although reluctant to do so, the Court is constrained by Administrative Order No. 1990-6 to hold that these sentences do not violate the life expectancy rule of *People v Moore,* 432 Mich 311 (1989).

Convictions affirmed, but remanded for resentencing for the criminal sexual conduct convictions.

CONNOR, J., concurring in the affirmance of the convictions but dissenting from the setting aside of the sentences for the criminal sexual conduct convictions, stated that the sentences should be affirmed because they do not violate the life expectancy rule and are proportional to the defendant's background and the brutal nature of the crimes.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of

Research, Training, and Appeals, and *Nancy A. Neff,* Assistant Prosecuting Attorney, for the people.

*Arthur L. Morman,* for the defendant.

Before: WAHLS, P.J., and MICHAEL J. KELLY and CONNOR, JJ.

MICHAEL J. KELLY, J. Defendant was convicted by a jury of assault with intent to rob while armed, MCL 750.89; MSA 28.284, assault with intent to murder, MCL 750.83; MSA 28.278, breaking and entering an occupied dwelling, MCL 750.110; MSA 28.305, and first-degree criminal sexual conduct (two counts), MCL 750.520b; MSA 28.788(2). He thereafter was sentenced to life imprisonment for each of the assault convictions, ten to fifteen years' imprisonment for the breaking and entering conviction, and 60 to 120 years' imprisonment for each of the two criminal sexual conduct convictions. He now appeals as of right. We affirm all convictions, but remand for resentencing for the criminal sexual conduct convictions.

Defendant's claim that his convictions must be reversed because the trial court decided his challenge to the voluntariness of his confession without conducting an evidentiary hearing pursuant to *People v Walker,* 374 Mich 331; 132 NW2d 87 (1965), lacks record support. Our review of the record reveals that such a hearing was held.

Defendant also challenges his sentences as being violative of the dictates of *People v Moore,* 432 Mich 311; 439 NW2d 684 (1989), and *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990). Defendant's sentences for the assault convictions and the breaking and entering conviction do not vio-

late either the life expectancy rule announced in
*Moore* or the principle of proportionality an-
nounced in *Milbourn.* The sentences for the crimi-
nal sexual conduct conviction are both dispropor-
tionate and arguably hard life. The two sixty-year
minimum sentences exceed the guidelines' recom-
mended minimum range by forty years, and are
three times the guidelines' recommendation. There
is no doubt this defendant deserves a severe sen-
tence. We think, however, such lengthy sentences,
which are effectively hard life sentences, are un-
supportable socially, logically, legally, and econom-
ically. Those who contend otherwise ignore real
and statistical averages. Keeping ancient, feeble,
doddering prisoners in durance is uncivilized, and
evidences poor judgment and bad economics.

We do not believe that defendant, who was born
in 1971, has a reasonable prospect of actually
serving his 60- to 120-year sentences. However, we
are constrained under Administrative Order No.
1990-6 to follow this Court's decision in *People v
Weaver (After Remand),* 192 Mich App 231; 480
NW2d 607 (1991). The *Weaver* Court affirmed a 75-
year minimum sentence imposed on a defendant
who was approximately thirty years old. The
*Weaver* Court concluded that a defendant reason-
ably could be expected to serve a sentence that
would place him in his early nineties before being
first eligible for parole. We disagree with and
abhor this result, and follow *Weaver* only because
we are required to do so.

However, we find that the 60- to 120-year sen-
tences violate the proportionality requirement of
*Milbourn.* Clearly, considering defendant's back-
ground and the nature of his crimes, a severe
sentence is warranted in this case. However, the
sentences imposed exceeded the guidelines' recom-
mended range by forty years, and are three times

the guidelines' recommendation. Under the circumstances, we conclude that this substantial departure violates the proportionality requirement of *Milbourn.* The 60- to 120-year sentences are set aside, and this matter is remanded for resentencing for the criminal sexual conduct convictions. All the convictions are affirmed, and the sentences for assault and breaking and entering are likewise affirmed.

Affirmed in part and remanded for resentencing for the first-degree criminal sexual conduct convictions.

WAHLS, P.J., concurred.

CONNOR, J. *(concurring in part and dissenting in part).* I concur in the majority's affirmance of defendant's convictions. I would affirm defendant's sentences as well. I do not find the 60- to 120-year sentences to violate *People v Moore,* 432 Mich 311; 439 NW2d 684 (1989). See *People v Weaver (After Remand),* 192 Mich App 231, 234-235; 480 NW2d 607 (1991). Considering defendant's background and the brutal nature of his crimes, I do not find the sentences to violate *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990).