NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0340n.06

No. 07-2029

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Jun 07, 2010**
LEONARD GREEN, Clerk

MARIO EVANS,　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　Petitioner-Appellant,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　　　)　　On Appeal from the United States
　　　　　　　　　　　　　　　　　　　　　)　　District Court for the Eastern
RAYMOND BOOKER,　　　　　　　　　　　 )　　District of Michigan
　　　　　　　　　　　　　　　　　　　　　)
　　　　Respondent-Appellee.　　　　　　　　)

Before:　　　　MARTIN, BOGGS, and COLE, Circuit Judges.

BOGGS, Circuit Judge.  Mario Evans appeals a district court judgment denying his petition

for a writ of habeas corpus under 28 U.S.C. § 2254.  On appeal, Evans challenges the district court's

conclusion that the Michigan Court of Appeals did not unreasonably apply clearly established federal

law when it ruled that Evans's confession was voluntary.  Because we find that the Michigan Court

of Appeals did not unreasonably apply clearly established federal law, we affirm the district court's

judgment.

**I**

Early on the morning of March 1, 2001, Detroit police arrested Evans for his suspected

involvement in a recent homicide.  R. 13 at 28-29.  Over the next three and a half days, Evans was

held incommunicado at Detroit police headquarters without any probable cause determination.  R.

13 at 41, 43.  During that time, police interrogated Evans on four separate occasions.  *See* R. 13 at

6-7, 11, 20, 29. Police informed Evans of his Constitutional rights prior to each interrogation session, and Evans signed and initialed multiple "Constitutional Rights Certificate[s] of Notification." *See* R. 13 at 6, 11, 21, 28-30. Substantial periods of time passed between each interrogation session, and each session was apparently relatively brief. *See* R. 13 at 6-7, 11-12, 18-20, 28-30, 32. At the fourth interrogation session, more than 85 hours after his arrest, Evans confessed to murdering Kirk DeBerry on Lappin Street in Detroit. *See* R. 13 at 49.

Evans was arraigned on March 6, 2001. R. 13 at 41. Prior to trial, the Wayne County Circuit Court held a hearing pursuant to *People v. Walker*, 132 N.W.2d 87 (Mich. 1965), at which Evans claimed that his confession was involuntary because he was denied counsel, held incommunicado for more than 85 hours, had trouble sleeping during his detention, and was subject to repeated questioning. After hearing the testimony of Evans and the police officers who questioned him, the court determined that Evans's confession was voluntary and admissible. R. 13 at 53. On January 3, 2002, a Wayne County Circuit Court jury convicted Evans of second-degree murder. The trial court also convicted Evans of being a felon in possession of a firearm. The court sentenced Evans to 40 to 60 months in prison for the firearm conviction and 65 to 120 years in prison for the murder conviction.

Evans appealed his conviction to the Michigan Court of Appeals. *See People v. Evans*, No. 240357, 2004 WL 547232 (Mich. Ct. App. Mar. 18, 2004). That court found the delay between Evans's arrest and his probable cause determination unreasonable, but it concluded that unreasonable delay alone did not render a confession inadmissible under state and federal law. *Id.* at *2. Rather, under *People v. Cipriano*, 429 N.W.2d 781, 790 (Mich. 1988), unreasonable delay was a factor to

No. 07-2029
Evans v. Booker

be considered in determining whether a confession was voluntary. The court then reviewed the trial

court's determination that Evans's confession was voluntary:

> [A]lthough we do not approve of such an unreasonable delay, we conclude that the trial court did not clearly err in finding that defendant voluntarily provided his statement to the police. In holding that defendant's statement was voluntary, the trial court accepted the word of the officers who testified that defendant did not ask for a lawyer and that they advised defendant of his *Miranda* rights. The trial court found defendant's testimony to lack credibility. We are not left with a definite and firm conviction that the trial court erred in allowing the defendant's statement into evidence. Indeed, police officers testified that they advised defendant of his constitutional rights before questioning him, that defendant read the constitutional rights form and initialed by each number and signed the form, that defendant acknowledged understanding those rights, was cooperative, and did not appear under the influence of alcohol or drugs. Further police testimony indicated that defendant did not ask to speak to a lawyer, was alert, not sleepy, did not complain about being tired, was eighteen or nineteen years old and had had previous contacts with the police, including arrests. There was also testimony concerning the delay in the arraignment. There is no evidence that the police subjected defendant to continuous or prolonged interrogation or intimidating police conduct during the detention, nor is there any indication in the record of physical abuse or threats of physical abuse. Defendant testified that he was twenty-one years old, and while detained he was tired because he did not get much sleep due to the conditions where he was detained. He testified that he asked for an attorney on more than one occasion. Defendant admitted that the police advised him of his *Miranda* rights, that he could read and write, that his initials and signature were on the proffered documents, and stated that he just "said anything" so he could go home. The trial court was faced with a credibility contest and determined that the police testimony was more credible. Issues of credibility should be left to the trial court, which has a superior opportunity to evaluate matters of credibility. Given this record, and having examined the totality of the circumstances surrounding defendant's statement, we conclude that the trial court did not clearly err in determining that defendant's statement was voluntary.

*Evans*, 2004 WL 547232, at *2 (footnotes and citations omitted). The Michigan Supreme Court

denied Evans's request for leave to appeal. *People v. Evans*, 688 N.W.2d 92 (Mich. 2004) (table);

*see also People v. Evans*, 692 N.W.2d 841 (Mich. 2005) (denying Evans's request again after

reconsideration).

- 3 -

Evans then filed this action in the United States District Court for the Eastern District of Michigan, seeking a writ of habeas corpus. *See Evans v. Booker*, No. 05-cv-74130-dt, 2007 WL 2225885 (E.D. Mich. Aug. 1, 2007). The district court denied Evans's petition, *see ibid.*, but it granted Evans a certificate of appealability with respect to his claim that his confession was involuntary. R. 35. Evans filed a timely appeal on the issue certified.

## II

On appeal, Evans once more asserts that his confession was involuntary and that the Michigan Court of Appeals unreasonably applied federal law when it concluded otherwise. This court reviews a district court's dismissal of a petition brought pursuant to 28 U.S.C. § 2254 *de novo*, but it reviews the district court's factual findings for clear error. *Thompson v. Bell*, 580 F.3d 423, 433 (6th Cir. 2009). Under § 2254(d), a federal court may not grant a writ of habeas corpus with respect to any claim that was adjudicated on the merits in state court unless adjudication of the claim (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). When, as in this case, a prisoner seeks a writ on the grounds that the state court unreasonably applied clearly established federal law, a federal court will issue a writ of habeas corpus if the state court identified the correct governing legal principle from the Supreme Court's decisions, but unreasonably applied that principle to the facts of the prisoner's case. *See Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). The federal court

will not grant the writ unless the state court's application of Supreme Court precedent was "objectively unreasonable," rather than merely incorrect. *See id*. at 409-10.

When reviewing a state court decision, a federal habeas court must treat the state court's factual findings as presumptively correct. 28 U.S.C. § 2254(e)(1). A petitioner may overcome this presumption only by clear and convincing evidence. *Ibid*. Although the voluntariness of a confession is a legal question that falls outside the scope of the § 2254(e)(1) presumption, *Miller v. Fenton*, 474 U.S. 104, 115 (1985), subsidiary factual questions, including a state court's credibility determinations at a suppression hearing, are entitled to the § 2254(e)(1) presumption. *See id*. at 112; *Ramonez v. Berghuis*, 490 F.3d 482, 490 (6th Cir. 2007).

In the present case, the Michigan Court of Appeals did not unreasonably apply clearly established federal law. Under current Supreme Court jurisprudence, a confession is inadmissible if obtained through means incompatible with due process. *Miller*, 474 U.S. at 110. The ultimate test of whether a confession accords with due process is "the test of voluntariness." *Columbe v. Connecticut*, 367 U.S. 568, 602 (1961). The question in each case is "whether a defendant's will was overborne at the time he confessed." *Reck v. Pate*, 367 U.S. 433, 440 (1961). To determine whether a defendant's will was overborne, a court must examine "the totality of all the surrounding circumstances–both the characteristics of the accused and the details of the interrogation." *Schneckloth v. Bustamonte*, 412 U.S. 218, 226 (1973). Relevant factors include: (1) the duration and conditions of detention; (2) the repeated and prolonged nature of the questioning; (3) the use of physical punishment; (4) the defendant's physical and mental state; (5) the youth of the defendant; (6) the defendant's lack of education or low intelligence; and (7) the lack of any advice to the

defendant on his constitutional rights. *See Withrow v. Williams*, 507 U.S. 680, 693-94 (1993); *Bustamonte*, 412 U.S. at 226; *Columbe*, 367 U.S. at 602.

The Michigan Court of Appeals correctly identified these principles when it quoted *People v. Cipriano*, *see Evans*, 2004 WL 547232, at \*1, which thoroughly examined Supreme Court precedent and set forth the appropriate test and factors for determining voluntariness, *see Cipriano*, 429 N.W.2d at 790. The Michigan court then properly applied these principles by examining all of the circumstances surrounding Evans's confession to determine whether his will was overborne. *See Evans*, 2004 WL 547232, at \*2. The court observed that, although Evans was held for over 85 hours without arraignment, the police repeatedly advised Evans of his rights, did not subject him to continuous or prolonged interrogation, and did not engage in abusive or intimidating behavior. *Ibid*. Further, the court highlighted police testimony that Evans was alert and did not complain of fatigue. *Ibid.* Finally, the court noted that Evans was twenty-one years old, could read and write, and had prior contact with the police, including arrests. *Ibid.* Based on all of these factors, the Michigan Court of Appeals found that Evans's will was not overborne. *Ibid.*

Although Evans's extended, incommunicado detention is troubling, given the detailed consideration of the factual circumstances and legal principles by the Michigan Court of Appeals, we cannot say that the Michigan court's application of Supreme Court precedent was objectively unreasonable. Accordingly, the district court properly rejected Evans's habeas petition.

**III**

For the reasons discussed above, we AFFIRM the judgment of the district court.