HELENE N. WHITE, Circuit Judge
(concurring in part and dissenting in part).
Notwithstanding that a Walke[1] hearing is limited to the question of voluntariness, there may be situations where compelling evidence of innocence can be used effectively to undermine the denial of coercion, and, consequently, where the withholding of such evidence impairs a criminal defendant’s opportunity to fully and fairly litigate the voluntariness of a confession. Nevertheless, I agree that the withholding of the husband’s test results did not affect Hatchett’s ability to do so in the instant case.
As to Part II-B-1, although the possibility that Kaiser deliberately withheld and failed to file the test results is disturbing, I believe that Koubriti v. Convertino, 593 F.3d 459 (6th Cir.2010), forecloses Hatchett’s claim.
As to Part II-B-2, I conclude that because the evidence raises a question whether Van Sice informed Kaiser of the test results, the claim against Van Sice should not have been dismissed. There is no disagreement regarding the law. We have held that police officers have an absolute, Brady-derived duty “to turn over potentially exculpatory evidence to the prosecutor’s office.” Moldowan v. City of Warren, 578 F.3d 351, 381 (6th .Cir.2009). The majority rejects Hatchett’s Brady claim against Officer Van Sice on the basis of Hatchett’s concession that Kuebler left a message with Kaiser’s secretary and faxed a copy of the test results to Kaiser’s *573 office, observing that Van Sice was not required to personally follow up and ensure that Kaiser actually reviewed the test results. Van Sice, indeed, had no such duty; but Hatchett does not assert such a duty. Hatchett rests his claim against Van Sice on Van Sice’s failure to give the report to Kaiser, rather than any failure to assure that Kaiser read the report. Thus, at issue is the duty to turn the material exculpatory information over to the prosecutor, not a duty to make sure the prosecutor acknowledges receipt of or reviews the information. Although I concede that if Kaiser received the test results from Kuebler, Van Sice’s failure to give him the results would have no constitutional significance, Kaiser claims he did not receive the information from Kuebler, and I see no reason why Hatchett’s claim against Van Sice should be defeated by Hatchett’s admitting that Kuebler made an effort (not known to him at the time) to inform Kaiser. Further, Hatchett’s admissions were made at a point in the litigation when it appeared that Kaiser had, in fact, been informed about the test results. Kaiser later denied any such knowledge in his affidavit.[2]
Thus, because genuine issues remain regarding whether Van Sice fulfilled his obligation to turn over exculpatory evidence to Kaiser, and whether Kaiser already knew of the evidence from Kuebler, I would reverse the grant of summary judgment for Van Sice and remand to the district court for further proceedings.

. People v. Walker, 374 Mich. 331, 132 N.W.2d 87 (1965).

. I also note that the fax in Kuebler's file has no date/time stamp demonstrating that it was actually faxed, and her contemporaneous case notes do not contain an entry stating that she actually faxed the report to Kaiser.