# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

AARON WADE,

        Defendant-Appellee.

UNPUBLISHED
July 28, 2016

No. 329015
Wayne Circuit Court
LC No. 14-000707-FC

Before: GADOLA, P.J., and SERVITTO and SHAPIRO, JJ.

PER CURIAM.

Defendant was charged with two counts of armed robbery, MCL 750.529, and one count of conspiracy to commit armed robbery, MCL 750.157a; MCL 750.529. Defendant moved to suppress his statement to the police and, at the conclusion of a *Walker*[1] hearing, the trial court granted defendant's motion. This Court granted the prosecutor's application for leave to appeal and, on May 12, 2015, vacated the trial court's decision and remanded the case.[2] On remand, the trial court again granted defendant's motion to suppress, and the prosecution thereafter filed a second application for leave to appeal with this Court. This Court held the prosecution's application in abeyance and directed the trial court to reconsider and articulate its factual findings concerning whether "defendant's waiver of his rights under *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966), was voluntary, knowing and intelligent."[3] On December 16, 2015, the trial court issued its resulting opinion and again granted defendant's motion to suppress. This Court thereafter removed the prosecution's application for leave to appeal from abeyance and the prosecutor now appeals by leave granted.[4]

---

[1] *People v Walker (on Rehearing)*, 374 Mich 331; 132 NW2d 87 (1965).

[2] *People v Aaron Wade*, unpublished opinion per curiam of the Court of Appeals, issued May 12, 2015 (Docket No. 324413).

[3] *People v Aaron Wade*, unpublished order of the Court of Appeals, entered November 24, 2015 (Docket No. 329015).

[4] *People v Aaron Wade*, unpublished order of the Court of Appeals, entered January 12, 2016 (Docket No. 329015).

-1-

This case arises from a robbery of an individual that took place at a gas station in Detroit. Defendant was eventually arrested (along with two others) for the crime, and was thereafter interviewed by Detroit Police Officer Jonathan Parnell. While in custody and being interviewed by Officer Parnell, defendant signed a *Miranda*[5] waiver advising him of his rights and confessed to his involvement in the crime. Officer Parnell wrote a statement recording defendant's confession, which defendant initialed and signed. The prosecution then charged defendant with armed robbery and conspiracy to commit armed robbery.

Defendant made a motion in the trial court to suppress his statement to police, arguing that it was not voluntarily, knowingly, or intelligently given.[6] The trial court held a *Walker* hearing to determine if defendant's statement should be suppressed and considered reports and testimony from two experts, Dr. Judith S. Shazer and Dr. Norman S. Miller. Both experts interviewed defendant and concluded that he had mental deficiencies and would not have been able to read and understand his *Miranda* rights. Dr. Shazer testified that it would have been difficult for defendant to fully understand his rights even if they were read to him unless they were reviewed, paraphrased, and explained to him. Relying heavily on their opinions, the trial court granted defendant's motion to suppress the statement on October 10, 2014, for the first time. On two separate remands, the trial court again suppressed defendant's statement.

The prosecutor now again argues that the trial court erred when it suppressed defendant's statement. The prosecutor contends that the trial court erred when it essentially relied upon defendant's mental deficits alone to determine that defendant did not voluntarily waive his *Miranda* rights, as the totality of the circumstances supported a finding that defendant's waiver was voluntary. The prosecutor also argues that the trial court erred when it determined that defendant did not knowingly and intelligently waive his *Miranda* rights, as the trial court failed to consider all of the circumstances surrounding the interrogation and instead "erroneously relied solely on the competency evaluations when determining whether defendant knowingly and intelligently waived his *Miranda* rights." We agree.

A trial court's determination that a waiver was knowingly, intelligently, and voluntarily made is reviewed de novo. *People v Gipson*, 287 Mich App 261, 264; 787 NW2d 126 (2010). "Credibility is crucial in determining a defendant's level of comprehension, and the trial judge is in the best position to make this assessment." *People v Cheatham*, 453 Mich 1, 30; 551 NW2d

---

[5] *Miranda v Arizona*, 384 US 436.

[6] Notably, the issue of defendant's competency was officially raised by the prosecution. In an April 16, 2014 motion, the prosecutor filed a motion for a competency exam, requesting that the court order defendant to undergo an examination to determine whether he was competent to make a knowing and intelligent waiver of his *Miranda* rights. Although this Court is aware of no provision for a competency examination in this situation, the trial court nevertheless referred defendant to the Center for Forensic Psychiatry purportedly for a determination of whether defendant was competent to understand his *Miranda* rights. An independent examination of defendant was conducted following the Center for Forensic Psychiatry's determination, and defendant subsequently filed his motion to suppress his statements.

355 (1996). Thus, this Court must review the entire record, but will not disturb the factual findings of the trial court concerning a knowing and intelligent waiver of *Miranda* rights unless a finding is clearly erroneous. *People v Daoud*, 462 Mich 621, 629-630; 614 NW2d 152 (2000). The trial court's finding of fact constitutes clear error if, based on a review of the entire record, this Court is left with a definite and firm conviction that the trial court made a mistake. *People v Hall*, 249 Mich App 262, 267; 643 NW2d 253 (2002), remanded on other grounds 467 Mich 888 (2002). Although the trial court's factual findings regarding a defendant's knowing and intelligent waiver of *Miranda* rights is reviewed for clear error, the meaning of knowing and intelligent is a question of law subject to de novo review. *Daoud*, 462 Mich at 629-630.

The United States and Michigan Constitutions prohibit compelled self-incrimination. US Const, Am V; Const 1963, art 1, § 17; *People v Elliott*, 494 Mich 292, 301 n 4; 833 NW2d 284 (2013). In order to use a defendant's incriminating statements resulting from a custodial interrogation, the prosecution must demonstrate that proper procedural safeguards were in place to protect the right against self-incrimination. See *Miranda*, 384 US at 444. "Prior to any questioning, the person must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed." *Id*. A defendant may waive his rights if the waiver is voluntary, knowing, and intelligent. *Id*. "[T]he analysis must be bifurcated, i.e., considering (1) whether the waiver was voluntary, and (2) whether the waiver was knowing and intelligent." *People v Tierney*, 266 Mich App 687, 707; 703 NW2d 204 (2005).

"[W]hether a waiver of *Miranda* rights is voluntary depends on the absence of police coercion." *Daoud*, 462 Mich at 635. The prosecution bears the burden of proving voluntariness by a preponderance of the evidence. *Id*. at 634. "The test of voluntariness is whether, considering the totality of all the surrounding circumstances, the confession is the product of an essentially free and unconstrained choice by its maker, or whether the accused's will has been overborne and his capacity for self-determination critically impaired." *People v Givans*, 227 Mich App 113, 121; 575 NW2d 84 (1997).

To determine whether a defendant's statement was voluntary, the court considers the totality of the circumstances, including: [1] the age of the accused; [2] his lack of education or his intelligence level; [3] the extent of his previous experience with the police; [4] the repeated and prolonged nature of the questioning; [5] the length of the detention of the accused before he gave the statement in question; [6] the lack of any advice to the accused of his constitutional rights; [7] whether there was an unnecessary delay in bringing him before a magistrate before he gave the confession; [8] whether the accused was injured, intoxicated or drugged, or in ill health when he gave the statement; [9] whether the accused was deprived of food, sleep, or medical attention; [10] whether the accused was physically abused; and [11] whether the suspect was threatened with abuse. *People v Cipriano*, 431 Mich 315, 334; 429 NW2d 781 (1988). No single factor is conclusive, *id*.; *People v Fike*, 228 Mich App 178, 182; 577 NW2d 903 (1998), however, "the voluntariness prong cannot be resolved in [a] defendant's favor absent evidence of police coercion or misconduct," *People v Howard*, 226 Mich App 528, 543; 575 NW2d 16 (1997). A defendant's mental condition or other deficiency that renders him susceptible to coercion does not render the waiver involuntary absent evidence that the police exploited the deficiency. *Cheatham*, 453 Mich at 15-17; *Fike*, 228 Mich App at 182.

In our May 2015 opinion, another panel of this Court found that the trial court, in its October 10, 2014 ruling to suppress defendant's statement, improperly analyzed whether defendant's waiver was voluntary, and failed to "resolve the conflict between defendant's statement to Miller, that the police threatened him with 25 years in prison if he did not cooperate, with his statement to Shazer, that the police had not threatened or mistreated him, and Sergeant Parnell's testimony that he never made such a threat." *Wade*, unpub at 3. This Court determined that a finding regarding this alleged police coercion was necessary to determine whether defendant's waiver was voluntary. *Id*. However, in its December 16, 2015 opinion on remand, the trial court again failed to specifically address this conflict and made no factual findings regarding whether defendant was coerced by the police into waiving his *Miranda* rights. Because "the voluntariness prong cannot be resolved in [a] defendant's favor absent evidence of police coercion or misconduct," *Howard*, 226 Mich App at 543, and because a defendant's mental condition or other deficiency that renders him susceptible to coercion does not render the waiver involuntary absent evidence that the police exploited the deficiency, *Cheatham*, 453 Mich at 25-27, the trial court erred when it failed to make a factual finding regarding police coercion and whether the police exploited defendant's low intelligence.[7]

In its December 16, 2015 opinion on remand, instead of examining the conduct by the police, and making a finding as to the claim of coercion, the trial court determined that defendant's waiver was involuntary because defendant did not understand his *Miranda* rights. Specifically, the trial court concluded that the statement was involuntary because it found that defendant "signed a confession because he believed he could go home after he signed the confession." However, this is not a finding of coercion, but of a failure to understand his rights as it was implicitly based on defendant's mental deficiencies and Dr. Miller's resulting assessment of defendant as susceptible. Again, however, there is no "subjective inquiry with regard to the voluntary prong of the waiver inquiry." *Cheatham*, 453 Mich at 17. "[A]bsent police coercion, a defendant's mental state alone can never render a confession involuntary." *Id*. at 15-16.

Moreover, in ruling that defendant's waiver was involuntary, the trial court seemed to rely on only two of the eleven *Cipriano* factors: 1) the fact that defendant had mental deficiencies and was "determined to be mentally retarded by two experts," and 2) defendant's lack of previous experience with *Miranda* warnings. However, while the trial court listed the remaining *Cipriano* factors,[8] it did not seem to consider that the remaining factors weighed

---

[7] We note that defendant never testified at the *Walker* hearing. Any statements that defendant made to an expert or any other witness concerning police coercion would thus likely be inadmissible as hearsay. The trial court also failed to address this issue and the effect it would have on the voluntariness prong of the waiver inquiry or, more specifically police coercion.

[8] The trial court noted defendant's age, and the fact that there was not an extended period of time between defendant's detention and statement, that the questioning did not occur over a prolonged period of time, and the fact that defendant was not injured, intoxicated, drugged, in ill health,

-4-

heavily in favor of a finding that defendant's waiver was voluntary. For example, the trial court indicated that defendant was 19 years old at the time of the interrogation, but did not suggest that his youth should be considered, as nothing elicited during the *Walker* hearing established that defendant's age impaired his ability to make a voluntary statement. Similarly, the findings of facts by the trial court that defendant was not injured, intoxicated, drugged, in ill health, deprived of food, sleep, or medical attention, and was not physically abused or threatened with abuse, would support a finding that his waiver was voluntary.

In sum, the trial court improperly analyzed whether defendant's statement was voluntary by failing to make a factual finding regarding whether the police coerced defendant into waiving his *Miranda* rights by exploiting his mental deficiencies. There is, in fact, no evidence on the record that any coercion occurred. Additionally, the majority of the *Cipriano* factors weighed heavily in favor of finding that defendant's waiver was voluntary and defendant's mental deficiencies, standing alone, were an insufficient basis on which to find defendant's waiver was involuntary. Thus, the trial court erred when it determined on this record that defendant's waiver was involuntary. See *Fike*, 228 Mich App at 182 (finding "a deficiency in the defendant that is not exploited by the police cannot annul the voluntariness of a confession unless there is evidence of police coercion.").

"While the voluntariness prong of the inquiry is determined solely by examining police conduct, a statement made pursuant to police questioning may be suppressed in the absence of police coercion if the defendant was incapable of knowingly and intelligently waiving his constitutional rights." *Howard*, 226 Mich App at 538. Whether a waiver is knowing and intelligent "requires an inquiry into the suspect's level of understanding, irrespective of police behavior." *Daoud*, 462 Mich at 636. "To waive rights intelligently and knowingly, one must at least understand basically what those rights encompass and minimally what their waiver will entail. The mental state that is necessary to validly waive *Miranda* rights involves being cognizant at all times of the State's intention to use one's statements to secure a conviction and of the fact that one can stand mute and request a lawyer." *Id*. at 640-641. To establish a waiver is knowing and intelligent, the prosecutor must show that defendant "[1] understood that he did not have to speak, [2] that he had the right to the presence of counsel, and [3] that the state could use what he said in a later trial against him." *Cheatham*, 453 Mich at 29. A defendant's IQ and mental disability are relevant factors in that analysis, but they are only two factors to be considered among the total circumstances that a court must assess in determining whether a defendant possesses the level of comprehension necessary to waive *Miranda*. *Id*. at 35-36, 40-43.

In determining whether defendant knowingly and intelligently waived his *Miranda* rights, the trial court found that Sergeant Parnell's testimony, that defendant read his rights fluently and seemed intelligent, was not credible and instead relied on the expert's conclusions that defendant did not understand his rights. As a result, the trial court determined that the prosecution failed to prove by a preponderance of the evidence that defendant's statement was knowingly and intelligently made. Thus, the trial court essentially made the same finding it did in October when

---

deprived of food, sleep, or medical attention, was not physically abused, or threatened with abuse.

this Court remanded the matter. In relation to the trial court's October ruling, this Court found that the trial court erred when it "treated [Dr.] Shazer's and [Dr.] Miller's opinions as determinative on the issue of whether defendant understood these *Miranda* concepts," as "waiver and [a] defendant's competence to waive rights are legal, not psychological, concepts, and the judge, not an expert witness, is the ultimate decision maker on these issues." *Wade*, unpub at 4, quoting *Cheatham*, 453 Mich at 36.

Moreover, this Court found that

> [aside from defendant's mental disability], the trial court did not address the remaining total circumstances of the interrogation. While the question of whether a defendant's waiver is knowing and intelligent necessarily involves an inquiry into the suspect's level of understanding, this can only be done by examining the objective circumstances surrounding the waiver. Defendant told Miller and Shazer that the police asked him to write a statement and that he refused, demonstrating knowledge of his right to remain silent and of the fact that the police intended to use the requested statement against him. Defendant also admittedly signed the waiver and confession. Even in the case of a mentally impaired defendant, a written waiver in particular is strong evidence that the waiver is valid, as is defendant's acknowledgement to Miller and Shazer that he did not ask the police any questions concerning his rights or the signed confession. According to Miller's and Shazer's reports, defendant also understood key concepts in the legal case against him, including the charges, that he has to assist his attorney, and that the judge and jury decide his fate. The jury finds him guilty or not guilty, and the judge sentences him. Defendant also understood that he was facing the possibility of a lengthy prison sentence. This knowledge supports a finding of competency to waive *Miranda*. In addition, the trial court also failed to determine whether the police had read defendant his rights as he told Miller, or whether they simply gave him a copy of the rights notification and directed him to "try his best" to read it himself as he had reported to Shazer. [*Wade*, unpub at 4 (internal quotations and citations omitted.]

Based on the failure by the trial court to address these facts in its analysis, this Court ordered the trial court on remand to properly consider whether defendant's waiver "was knowing and intelligent under the total circumstances." *Wade*, unpub at 5. However, in its December 16, 2015 opinion on remand, the trial court still did not address these facts surrounding the interrogation or explain how the expert's conclusions regarding defendant's mental deficiencies were alone sufficient to qualify defendant's waiver as knowing and intelligent. In addition, while the trial court found that Sergeant Parnell did read defendant his *Miranda* rights, the trial court still concluded that he did not understand the rights. This is especially significant because Dr. Shazer's conclusion regarding defendant's competence depended on how the *Miranda* rights "were presented and reviewed with him." Dr. Shazer concluded that if defendant simply read the rights himself he would have been unable to understand them, but if the police also read him the rights and explained them, he could have been able to understand them and possibly competently waive his *Miranda* rights. Thus, the trial court improperly analyzed whether defendant's waiver was knowing and intelligent by failing to consider the "total circumstances." As a result, the trial

court's decision is unsupported by the evidence when properly considered, and is therefore, clearly erroneous.

Clearly, the trial court in this case misconstrues the test for a voluntary and knowing waiver of *Miranda* rights as well as its role in determining whether a waiver is valid. First, the judge, not an expert witness, is the ultimate decision maker on the issues of waiver and a defendant's competence to waive rights. *Cheatham*, 453 Mich at 34. Here, defendant did not testify at any hearing and the trial judge relied solely upon expert witness testimony in determining whether defendant waived his *Miranda* rights. Second, the trial court judge appears to have difficulty separating the two very separate and very distinct prongs of the waiver test and analyzing the relevant factors necessary to make a proper determination as to whether defendant did, in fact, (1) voluntarily and (2) knowingly and intelligently waive his *Miranda* rights. Given the history of this case and the fact that the trial court has continued to misapply the waiver test on remand, we have no confidence that an additional remand to this trial judge will yield a proper analysis and application of the applicable tests. We therefore reverse and remand to a different judge.

We reverse the trial court's order granting defendant's motion to suppress and we remand to the trial court, before a different judge, for further proceedings. On remand, the trial court has the discretion to permit the parties to supplement the record as to whether defendant's waiver of his *Miranda* rights was voluntary, knowing and intelligent. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Deborah A. Servitto
/s/ Douglas B. Shapiro