*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JORDEN ALLEN SCHMITZER,

Defendant-Appellant.

UNPUBLISHED
January 15, 2026
10:06 AM

No. 369107
Saginaw Circuit Court
LC No. 22-049720-FC

Before: CAMERON, P.J., and KOROBKIN and BAZZI, JJ.

PER CURIAM.

Defendant appeals as of right his jury-trial convictions of felony murder, MCL 750.316(1)(b); possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b; first-degree arson, MCL 750.72(1)(b); and unlawful imprisonment, MCL 750.349b. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In October 2021, defendant and other individuals not parties to this appeal devised a plan to drug the victim, Scott Engelhardt, and steal his marijuana plants. When the plan failed, defendant and another individual resorted to holding Scott at gunpoint in his home while the others stole and loaded Scott's belongings into a van. Before fleeing the scene in Scott's car, defendant shot Scott in the head. Defendant later returned to Scott's house and set the house on fire in an effort to conceal his crime. Scott, who was left for dead, actually died from a combination of the gunshot wound, smoke inhalation, and thermal injuries. Police arrested and interviewed defendant a few days later. Defendant confessed to killing Scott and setting the house on fire.

Before trial, defendant moved to suppress his confession, claiming it was involuntary because the police interview was unduly long, the detectives who interviewed him used coercive tactics, like deceit, to induce his confession, and defendant was under the influence of

-1-

methamphetamines during the interview. At the *Walker*[1] hearing, one of the detectives testified that defendant was interviewed for nearly two hours, during which time he was given a brief break. The detective admitted lying to defendant during the interview and asserted that he had no reason to believe defendant was under the influence of methamphetamines. The trial court denied defendant's motion to suppress. The jury convicted defendant as noted. This appeal followed.

## II. STANDARDS OF REVIEW

"This Court reviews de novo a trial court's decision on a motion to suppress but reviews all underlying factual findings for clear error." *People v Stewart*, 512 Mich 472, 480; 999 NW2d 717 (2023). "A finding is clearly erroneous if, after a review of the entire record, the reviewing court is left with a definite and firm conviction that the trial court made a mistake." *Id*. But "if resolution of a disputed factual question turns on the credibility of witnesses or the weight of the evidence, we will defer to the trial court, which had a superior opportunity to evaluate these matters." *People v Sexton*, 461 Mich 746, 752; 609 NW2d 822 (2000) (quotation marks and citation omitted).

## III. ANALYSIS

Defendant claims that he is entitled to a new trial because the trial court should have suppressed his involuntary confession made to police. We disagree.

"Both the state and federal constitutions guarantee that no person shall be compelled to be a witness against himself or herself." *People v Cortez*, 299 Mich App 679, 691; 832 NW2d 1 (2013), citing US Const, Am V and Const 1963, art 1, § 17. A defendant's statement during a custodial interrogation is admissible only if the defendant voluntarily, knowingly, and intelligently waived his or her right against self-incrimination. *People v Barritt*, 325 Mich App 556, 561-562; 926 NW2d 811 (2018). "The use of an involuntary statement elicited by coercive state action in a criminal trial violates" this right. *Stewart*, 512 Mich at 480. "In other words, if an individual's will was overborne or if his confession was not the product of a rational intellect and free will, his confession is inadmissible because it was coerced." *Id*. (quotation marks, brackets, and citations omitted).

To determine voluntariness, we must assess "whether the totality of the circumstances surrounding the making of the confession indicates that it was freely and voluntarily made." *Id*. at 481 (quotation marks and citation omitted). Although "all relevant circumstances must be considered," *id*., particular attention is given to:

> [T]he age of the accused; his lack of education or his intelligence level; the extent of his previous experience with the police; the repeated and prolonged nature of the questioning; the length of the detention of the accused before he gave the statement in question; the lack of any advice to the accused of his constitutional rights; whether there was an unnecessary delay in bringing him before a magistrate before he gave the confession; whether the accused was injured, intoxicated or drugged,

---

[1] *People v Walker (On Rehearing)*, 374 Mich 331; 132 NW2d 87 (1965).

or in ill health when he gave the statement; whether the accused was deprived of food, sleep, or medical attention; whether the accused was physically abused; and whether the suspect was threatened with abuse. [*Id.* (quotation marks and citation omitted).]

The record belies defendant's claim that his confession was involuntary.[2] During the *Walker* hearing, one of the detectives who interviewed defendant testified defendant was read his *Miranda* rights and signed a document confirming that he understood these rights. Defendant stated that he had his GED, was able to read and write, and denied being under the influence of drugs or alcohol, claiming that he had been sober for two months. The detective, who was trained to recognize signs of intoxication, did not observe any noticeable signs of intoxication or drug use, nor any signs of cognitive impairments, disabilities, or withdrawal. The detective also believed defendant provided thoughtful and logical responses to questions, was coherent, and did not appear confused. Under the totality of the circumstances, it was not clearly erroneous for the trial court to find that defendant's confession was freely and voluntarily made.

Defendant claims that, despite his denial of being under the influence, the detectives had reason to know he was. But the detective denied any such knowledge, and we defer to the trial court's determination regarding the credibility of his testimony. *Sexton*, 461 Mich at 752. Accordingly, the trial court did not err by denying defendant's motion to suppress and he is not entitled to a new trial.

Affirmed.

/s/ Thomas C. Cameron
/s/ Daniel S. Korobkin
/s/ Mariam S. Bazzi

---

[2] Defendant's only substantive challenge is whether he was "intoxicated or drugged . . . when he gave the statement[.]" Defendant implies that his custodial interview was unduly long, but fails to offer any meaningful argument or support for this contention. Thus, this issue is abandoned. See *People v Martin*, 271 Mich App 280, 315; 721 NW2d 815 (2006). Additionally, defendant claims that his statement was rendered involuntary because the detectives lied to him throughout the interview. But a police officer's misrepresentation during an interview does not render an otherwise voluntary statement involuntary. *People v Hicks*, 185 Mich App 107, 112-113; 460 NW2d 569 (1990). The detectives denied making any promises or threats of harm during the interview that may constitute coercive tactics. Accordingly, defendant's argument that his confession was involuntary because the detectives lied during his interview also lacks merit.